## EASTERN DISTRICT, AT NEW ORLEANS,
## COMMENCING, FEBRUARY, 1843.

PRESENT:

Hon. FRANÇOIS XAVIER MARTIN.

Hon. HENRY A. BULLARD..

Hon. ALONZO MORPHY.

Hon. EDWARD SIMON.

Hon. RICE GARLAND.

WILLIAM MAYO *v.* WILLIAM B. SAVORY.

Under the 7th section of the act of 20th March, 1839, amending article 375, of the Code of Practice, a demand in reconvention may be instituted for any cause, though not necessarily connected with or incidental to the main action, where the plaintiff resides out of the state, or in a different parish from the defendant.

Under the 17th section of the act of 20th March, 1839, commissions to take testimony may be taken out by either party, at any time after service of petition and citation; and it will be no objection to the admissibility of the evidence, that it relates to facts not then at issue, nor alleged in the petition.

APPEAL from the District Court of Iberville, *Deblieux*, J.

SIMON, J.   This action is founded on an authentic sale of the steamboat Trader, three-fourths of which were sold by the plaintiff to the defendant for the sum of two thousand dollars. Six hundred dollars of the price having been paid, there appears to remain

VOL. IV.                          1

due a balance of fourteen hundred dollars, with ten per cent interest from the date of the act, until paid. The plaintiff claims judgment for that balance, with the vendor's privilege on the boat.

The defendant pleads divers matters in avoidance of the plaintiff's action, such as error in fact in the contract sued upon ; and, assuming the character of plaintiff, he avers that the petitioner is indebted to him in the sum of $562,11, which is the one-half of certain advances, debts, and expenses which he was compelled to pay for the steamboat Alpha, heretofore owned in partnership between him and the plaintiff, which sum he opposes as a reconventional demand. He prays that the contract sued on may be annulled and set aside, and that he may have judgment against the plaintiff for the amount of the advances, debts, and expenses by him paid, resulting from the first partnership in relation to the Alpha.

This case was tried by a jury, who gave a verdict in favor of the plaintiff for $1225, with five per cent interest, per annum, from the time when it became due, until paid. After an unsuccessful attempt on the part of the plaintiff, to obtain a new trial, on the ground that the jury had not allowed him the privilege prayed for ; and another unsuccessful attempt, on the part of the defendant, to obtain a new trial, judgment was rendered by the court, confirming the verdict of the jury, and allowing the plaintiff his vendor's privilege ; and after a second attempt on the part of the defendant, to obtain a new trial, on the ground that the court could not allow a privilege where the jury had found none, the defendant appealed.

The record comes up in a very imperfect state, and from the certificate of the clerk that it does not contain the testimony adduced on the trial, we are precluded from examining the merits of the case, and from enquiring into the correctness of the verdict ; but the appellant has called our attention to several bills of exceptions which are found in the record, and which we shall, therefore, proceed to examine.

The first is one taken to the opinion of the court *a qua*, sustaining the exceptions of the plaintiff to the reconventional demand set up in the defendant's original answer, as regards the

transactions of the steamboat Alpha. These exceptions are so closely connected with another bill of exceptions taken by the plaintiff to the opinion of the judge, permitting the defendant to file an amended and supplemental answer to the plaintiff's demand, in which he sets up another reconventional claim resulting from the transactions in relation to the steamboat Trader, that it is proper we should examine them together.

By the 7th section of an act of the Legislature of the 20th of March, 1839, (Bullard & Curry's Digest, p. 156,) it is enacted, that "article 375, of the Code of Practice be so amended, that when the plaintiff resides out of the state, or in the state, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him *for any cause* although such demand be not necessarily connected with, or incidental to the main cause of action." This law appears to have provided for the very case under consideration, and, according to its terms, it is clear that the defendant was at liberty to set up all his reconventional demands resulting from the transactions relative to the partnership in the steamboat Alpha, as well as those resulting from the partnership in the steamboat Trader. The plaintiff resides in a different parish from the defendant, and the judge *a quo* erred in not overruling the plaintiff's exceptions to the reconventional claim set up in the defendant's original answer. He did not err, however, in permitting the defendant to file his supplemental answer.

The next bill of exceptions relates to the rejection of the testimony of divers witnesses taken by virtue of a commission. This testimony was objected to on the ground that, at the time it was taken, there was no issue in the case between the parties; and the judge adds, that he was of opinion that testimony taken on commission on facts not at issue between the parties at the time of taking it, or not alleged in the petition, if the case is not at issue, should not be admitted, as the party against whom such testimony is taken has a right to be put on his guard by sufficient averments before he can be called on to cross examine witnesses. This would be correct under article 359, of the Code of Practice; but by the 17th section of the statute of the 20th of March, 1839, (Bullard & Curry's Digest, 433,) it is enacted, that "com-

missions to take testimony may issue at any time after the service of petition and citation." This law is general in its terms, it applies as well to the plaintiff, as to the defendant; they are both at liberty to take out their commissions immediately after the service of the citation ; and, although the former law might perhaps be considered as more properly and more justly suited to the fair exercise and enforcement of the legal rights of the parties, we are bound to obey the will of the law-maker, and to say that the inferior judge erred in rejecting the testimony offered by the defendant, and which had been taken by virtue of a commission issued before issue joined.

With regard to the error alleged to have been committed by the lower judge, in allowing the plaintiff the exercise of the vendor's privilege on the property sold, when the jury did not allow it in their verdict, we think proper to abstain from expressing any opinion. As we have already said, the state of the record precludes us from examining the merits of the case; and that would be enquiring into the correctness of the verdict of the jury, and of the judgment of the court rendered thereon. As the case is to be remanded for a new trial, the parties will have another opportunity of investigating this point before a new jury.

It is, therefore, ordered that the judgment of the District Court be annulled, and reversed, and that this case be remanded to the court below for a new trial ; the appellee paying the costs of this appeal.

*Robertson* and *Talbot*, for the plaintiffs.

*Labauve*, for the appellant.