HUSTON et al. *v.* FISK et al.

10 769
113 448
113 858

Two of several proprietors may be joined in an action brought against them by their co-proprietors, for a contribution to an expense incurred under the agreement of and intended for the benefit of all.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Bradford,* for plaintiff. *Bartlette,* for defendant and appellant.

SPOFFORD, J. The plaintiffs and defendants, proprietors of the property known as Banks' Arcade, under a purchase at the bankrupt sale of *Thomas Banks,* were threatened with eviction by a judgment of the Supreme Court of Louisiana, at the suit of the City Bank against them. See 2 An., 114.

These proprietors thereupon held meetings, and resolved to contribute in proportion to their respective interests in the property, for the purpose of employ-

97

ing eminent counsel and prosecuting a writ of error to the Supreme Court of the United States.

The defendants participated in those meetings, and were parties to the resolutions passed. Among the resolutions was one to raise and pay, *in cash*, the sum of four thousand dollars, to be deposited in the Bank of Louisiana, subject to the order of a committee of three, appointed by the proprietors.

Mr. *Clay* and Mr. *Pierce* were appointed by the committee, with the approbation of the proprietors, as counsel to prosecute the case in the Supreme Court at Washington, their fees being conditional, in part, upon their eventual success.

The judgment of the State Court was reversed, through the efforts of the counsel thus engaged upon behalf of the proprietors. See 6 Howard, 486.

The plaintiffs having paid all the expenses thus incurred, ($10,000,) sued the defendants, *Weaver* and *Fisk*, for their *pro rata* contributions to the common fund, and recovered a judgment in the court below, from which the defendants have appealed.

The appellants complain that they were improperly joined as co-defendants. It was proper that all the parties to the alleged contract for raising the funds should be before the court in adjusting their mutual rights and liabilities. They are before the court; and we think the action is well brought in this form. The defendants have suffered no injury from their joinder in the defence, and were permitted to testify for each other in the court below.

Upon the merits, they complain, in substance, that the contract which resulted from the passage of the resolutions by the proprietors, was rescinded by the act of the plaintiffs in taking a writ of error for their sole benefit, and refusing to let the appellants join therein, although they sought to do so, and tendered their portion of the expenses.

The defence is not sustained by the evidence. The defendants, after repeated demands, refused to pay their quota of the four thousand dollars, which they had agreed to raise in cash by joint contributions. They neglected to comply with this contract in time. The plaintiffs had no power to sign this bond for the defendants, to enable them to prosecute the writ of error. After the plaintiffs had sued out their writ, it is true that the defendants came forward and tendered the money which they had previously refused, but the weight of evidence goes to show that they made the tender only upon an impossible condition, to wit : that their names should be inserted in a legal proceeding which had already been taken, and was not amendable.

They chose to employ other counsel than those already employed by all the proprietors, for the purpose of remedying the mischief occasioned by their own *laches* or bad faith. The payment of such counsel was their own affair. They might have paid their share when it was due, and gone to Mr. *Pierce* to prosecute their writ of error, without any additional expense. But because, by their own act, they incurred an additional charge, we cannot relieve them from the obligation of their contract to pay their quota towards the expenses which accrued under the joint resolutions for the joint benefit, and of which the defendants have reaped the profits, in common with their co-proprietors.

The judgment is therefore affirmed, with costs.