### No. 5071.

SUCCESSION OF ANTOINE DECUIR—MRS. JOSEPHINE DECUIR, Administratrix v. LEON FERRIER et als.

By the judgment homologating the final account and tableau of her administration, the administratrix, plaintiff in this case, was discharged from her trust. Therefore, if that judgment be not utterly null, she, as administratrix, has no standing in court.

The evidence in the record shows that the attorneys who filed the account [were employed by her and that they were authorized to act in the premises.

Besides, more than twelve months had elapsed from the rendition of the judgment homologating the account, when this suit in nullity was instituted.

The administratrix can not be listened to, when urging her own laches in having the account homologated before the account and tableau had been advertised ten days, in order to gain an advantage individually.

APPEAL from the Parish Court, parish of Pointe Coupee. *Bouanchaud*, J. *E. K. Washington* and *S. R. Snaer*, for plaintiff and appellant. *Edward Phillips*, for defendants and appellees.

LUDELING, C. J. This suit was instituted by Mrs. Decuir, as administratrix of Antoine Decuir, deceased, to annul a judgment of the parish court, homologating *her* final account and tableau of distribution of said succession. The grounds upon which she bases her action are, that she did not sign the tableau, and that Messrs. Haralson & Claiborne, attorneys, who filed the account and tableau, had no authority to do so; that the tableau is not correct; that the account and tableau were not advertised according to law; and that she individually is a privileged creditor, but her claim was utterly ignored.

The following were urged as exceptions to the action; that the petition shows no right or cause of action; that the administratrix of the said succession has no interest in this suit and no right to stand in judgment; that the action in nullity is barred by the lapse of one year, and the prescription of one year is pleaded.

By the judgment homologating the final account and tableau aforesaid, the administratix was discharged from her trust. Therefore, if that judgment be not utterly null, she, as administratrix, has no standing in court. 20 An. 35; 23 An. 178.

The evidence in the record satisfies us that the attorneys who filed the account were employed by her, and that they were authorized to act in the premises.

Besides, more than twelve months had elapsed from the rendition of the judgment homologating the account, when this suit was instituted.

She can not be listened to when urging her own laches in having the account homologated before the account and tableau had been advertised ten days, in order to gain an advantage individually.

It is therefore ordered and adjudged, that the judgment of the lower court be affirmed with costs of appeal.

Rehearing refused.