Statement of the Case.
NICHOLLS, J.
The plaintiff represents itself to be a corporation organized under the laws of Missouri, with its domicile in the city of St. Louis. The defendants are Sonnefield & Emmins (alleged to be building contractors, residents of Texas), the First National Bank Building Company (alleged to be a Louisiana corporation having its domicile in Shreveport), and the Fidelity & Deposit Company of Maryland (alleged to be a corporation doing a guaranty business in Louisiana through a duly appointed agent authorized to accept service of process).
Plaintiff avers that the defendants are indebted to it in the sum of $6,834, with legal interest from judicial demand.
It avers: That Sonnefield & Emmins, under a contract entered into by them with the First National Bank Building Company, duly recorded in the parish of Caddo, contracted to build for said bank building company a certain bank building, which it described. That it furnished bond under said contract which it annexed to its petition. That the Fidelity & Deposit Company became the surety on said bond in the sum exceeding $100,000, guarantying the faithful performance of said contract, with certain stipulations therein of its right to assume control of said contract on default of said contractors. That said Fidelity & Deposit Company, claiming the right to take possession of said building under its contract, did on or about the-day of March, 1903, pretend to take charge of the construction of said contract, and were then in course of completing said building, availing themselves of and using the material furnished by peti-' tioner, thereby making themselves, said Fidelity & Deposit Company, personally liable for the amount of petitioner’s claim.
That it furnished and supplied to Sonnefield & Emmins certain materials to be used, and which were used, in the construction of said building, and did certain labor thereon, an itemized account of which it annexed.
That said materials were used in the construction of said building, and were bought of it by said contractors at the price stipulated in said account, and that it served an attested account thereof on said bank building company on March 12, 1903, and duly recorded same in the Book of Mortgages of Caddo parish, and thereby petitioner acquired and preserved a lien and privilege on said building under the laws of Louisiana.
That the said First National Bank Building Company, Limited, neglected and failed to take any bond or other security from said Sonnefield & Emmins to secure the payment of claims of workmen and material-men, as provided by Act No. 180, p. 223, of 1894, as amended by Act No. 123, p. 179, of *439 1S90, and. thereby and for that reason the said bank building company became and was personally liable for the amount petitioners were then suing for.
That said account was long past due and unpaid, and that the defendants were bound in solido for the payment thereof. That Sonnefield & Emmins and the individual members thereof were nonresidents of 'the state of Louisiana, and that a curator ad hoc should be appointed to represent them, and each of them, in this proceeding.
In view of the premises it prayed that a curator ad hoc be appointed to represent Sonnefield & Emmins and the individual members thereof; that citation be made on all of the defendants according to law; and that they have judgment against them in solido for said sum, with interest thereon from judicial demand, and that petitioner’s lien and privilege on said bank building be recognized and enforced, and same seized and sold to pay and satisfy their claim; and for all orders and decrees for cost and general relief. This petition was filed on the 7th of April, 1903.
G. W. Jack was appointed curator ad hoc to represent Sonnefield & Emmins on the same day.
Sonnefield & Emmins and the Fidelity & Deposit Company of Maryland filed on the ISth day of April, 1903, a petition in the case, in which they averred: That they, together with the First National Bank Building Company, a corporation which was at the time of the institution of the suit, and was still, a citizen of Louisiana, and domiciled in the parish of Caddo, had been made eodefendants in the suit upon three separate and distinct causes of action, no one of which was related to the other. That the action and defenses in the suit were separable, and could be prosecuted to final judgment against each of the defendants without the necessity of having the other codefendants parties therein. ■ That the plaintiff: was then, and was at the time of the institution of the suit, a citizen of the state of Missouri, and a resident of and domiciled in the city of St. Louis, in that state. That Sonnefield & Emmins and the individual partners of said nonresident firm were then, and were at the time of the institution of the suit, citizens of the state of Texas, and residents of and domiciled in the town of Dallas.
That the Fidelity & Deposit Company was then, and was at the time of the institution of the suit, a citizen of the state of Maryland, and a resident of and domiciled in the city of Baltimore, in that state. That the matter in dispute exceeded, exclusive of interest and costs, the sum or value of $2,000. That the controversy was between citizens of different states, to wit, between the plaintiff, a citizen of the state of Missouri, and the defendants, one a citizen of Louisiana, another a citizen of the state of Texas, and the third a citizen of the state of Maryland.
That they were entitled to remove the cause into the Circuit Court of the United States for the Fifth Circuit and Western District of Louisiana, as provided by law, and they offered a bond with good and sufficient security in the sum of $500 for the entering in said Circuit Court of the United States for that circuit and district a copy of the record in the present suit, and for the payment of all costs that might be awarded by said Circuit Court if it should decide that said cause was improperly removed thereto. They prayed that the court would proceed no further in the ease, except to make an order for the removal of the cause to said Circuit Court, and to accept the bond and security, and to cause the record to be removed to said Circuit Court.
The plaintiff objected to the removal prayed for by the defendants Sonnefield & Emmins and the guaranty company on the ground that the petition was insufficient to justify' the court in granting the order, and on the further ground that it appeared from *441 the record that there was no separable controversy which might be fully determined between said applicants and themselves in the Circuit Court, and because it appeared that the First National Bank Building Company, Limited, was an indispensable and necessary party to any decree that might be entered in said cause, said bank being a resident of the parish of Caddo, state of Louisiana.
The district court on April 22, 1903, rendered the following judgment upon this application:
“Although all the parties to this suit are citizens of different states, yet the First National Bank Building Co., Ltd., being a citizen of the state of Louisiana, in a court of which the suit is pending, it is not entitled to remove this action into the Circuit Court of the United States. See Martin v. Snyder, 148 U. S. 663-664, 13 Sup. Ct. 706, 37 L. Ed. 602; Black’s Dillon on Removal, 66.
“Hence, between plaintiff and said defendant this suit is not removable, and all the defendants could not join in a petition for removal. The question of law is therefore presented as to the right of Sonnefield & Emmins and the Fidelity & Deposit Company of Maryland to remove this suit on their own petition.
“The question has been discussed in the inferior federal courts, some holding that ‘unless there is a separable controversy in the case, all the defendants must join for a removal,’ and others holding that, ‘if all the defendants are citizens of a different state or states from the plaintiff, any one of such defendants without the others may remove the cause, although it contains but a single controversy.’ Black’s Dillon on Removal, 77. This author favors the first line of decisions, and comments on them as follows: ‘Besides the reasonableness of this construction, this view is strengthened by the fact that it was considered necessary for all the defendants to join in a petition for removal on this ground under the earlier removal acts, and that the policy of Congress in the enactment of the new statute was to impose additional restrictions upon the right of removal, not to enlarge it.’ If the petitioners for removal allege a separable controversy — and I am of the opinion that they do — their counsel had a correct appreciation of the requirements of the law applicable to the proceeding.
“The question to be decided is whether plaintiff's petition presents a ‘separable controversy’ between plaintiff and petitioner for removal. If so, the removal carries the entire case.
“The action of plaintiff arises ex contractu, and is joint or joint and several against all the defendants. The suit is for a money judgment against Sonnefield & Emmins, and it is alleged that the other defendants are bound by contract or law to pay the same debt. In such an action there is not separable controversy.
“It is therefore ordered that the application for removal be denied.
“Read and signed in open court this 22d day of April, A. D. 1903.
“A. D. Land, Judge.
“Filed April 22, 1903. J. H. Levy, Dy. Clerk.”
On the 25th of April Sonnefield & Emmins, under protest to the court’s proceeding further with the cause after they had filed their petition for removal, and excepting to the judgment of the court disallowing the removal, moved to set aside a default taken in the case against them on the 21st of March, 1903, for the reason that the service of petition qnd citation addressed to G. A. Jack, curator ad hoc, was illegal, null and void, and of no effect, and the court has acquired no jurisdiction over them by such service. No action seems to have been taken upon this exception.
The First National Bank Building Company, Limited, answered on the 25th of April, 1903. It denied generally all the allegations of plaintiff’s petition, and specifically denied that it failed to comply with Act No. 180, p. 223, of the Acts of 1894, in relation to the erection of building.
It averred that on the contrary it had required bond of Sonnefield & Emmins, which was duly recorded with said contract in the mortgage books of the parish of Caddo. It annexed to its petition a copy of its contract; also a copy of said bond, with certificate of. its registry. It averred that the recording of said bond and contract were made many months before the plaintiff sold or delivered to them any material for its building.
That it only made payment under the contract with Sonnefield & Emmins in accordance with the same, and never in advance; and that on the day of the alleged service of the.attested account, and before the same was served on it, Sonnefield & Emmins assigned and transferred all their rights, title, *443 and interest in and to the said contract and the moneys to become due thereunder to the Fidelity & Deposit Company of Maryland, and had never, since the service of said ac-. count, paid any moneys to Sonnefleld & Emmins, or been indebted to them in any amount.
On the 25th of April, 1903, the Fidelity & Deposit Company of Maryland filed a paper in court, in which, after declaring that under protest at all times to its proceeding further with the cause after it filed its petition for removal, and excepting. to its judgment disallowing said removal, it moved to set aside a judgment by default which had been entered against it on the 21st of March, 1903, upon the ground that same-was illegal, null and void, for the reason that the service of petition and citation on it was had by leaving- same in the hands of Robert A. Hart, residing in the city of Baton Rouge, contrary to law, and on a person not its agent or attorney for the service of process; the law (Act No. 105 of 1898, p. 132) designating and appointing the Secretary of State as the agent and attorney in fact of all nonresident insurance companies for the service of process.
On the 6th of May, 1903, the district court set aside the judgment by default which had been entered against the Fidelity & Deposit Company, Limited, on the 21st of March, 1903, on the ground that that company had not been cited, with leave granted, however, to the plaintiff to cite it according to law.
On May 30th the Fidelity & Deposit Company, reciting that by reason of its not having been cited the judgment by default which had been taken against it had been set aside, that thereafter it was again cited, and the time for appearing in the suit had arrived, renewed the application which it had made before for a removal of the case to the Circuit Court. On the 1st of June the court this .application to remove denied. On the 24th of June judgment by default was taken against Sonnefleld & Emmins and the Fidelity & Deposit Company. On the 27th of June Sonnefleld & Emmins suggested the death of R. W. AUbright, one of. the individual members of the firm, and that thereby that firm was dissolved. They answered, pleading the general issue. Judgment of non-suit was entered as against Allbright. On the same day the Fidelity & Deposit Company answered, pleading the general issue.
The plaintiff company had on the 23d of April, applied for and obtained an order for the taking on its behalf the testimony of a number of named witnesses in the state of Missouri under commission. The Fidelity & Deposit Company, Sonnefleld & Emmins, and the First National Bank Building Company were notified to cross the interrogatories.
On the 29th of April, Sonnefleld & Emmins, through their attorney, M. C. Elstner, filed a paper, in which, protesting against the jurisdiction of the court to try the case, and reserving all their rights under their-petition for removal to the federal court as filed in the district court, and reserving all legal objections to the same when taken, they submitted the same without crossing.
'The testimony of these witnesses was subsequently taken under commission returned to the court, and introduced on the trial of the cause.
On the 12th of March, 1903, Sonnefleld & Emmins, the contractors, transferred and delivered over to the Fidelity & Deposit Company the contract and contract rights to construct the building, and all property that they might have purchased or had on hand or in the course of manufacture connected with or going with said building, and especially all of its rights, title, and interest to any money that might be due them by the First National Bank Building Company, Limited, or which might thereafter become due under the terms of the contract with the said company; and the said company was at liberty to pay under the terms of the contract, or in advance there *445 of, substituting in all respects the Fidelity & Deposit Company to themselves as contractors.
In consideration thereof, and of the further fact that it was surety of the transferrors, in favor of the Bank Building Company, Limited, for the construction and completion, free of all incumbrances, of said building, the Fidelity & Deposit Company accepted the transfer and assignment and substitution of themselves as the contractors, accepted delivery of the property and contracts made by Sonnefield & Emmins, and agreed to discharge all obligations in connection with the said contract for materials, etc., and all obligations of the said Sonnefield & Emmins in the matter of the construction and delivery of the said bank building to the First National Bank Building Company, and agreed to complete as fast as the work could be done the contract for the erection of said building, and deliver the same to the First National Bank Building Company free of all incumbrances or obligations whatever, or which might attach to the said building or said building company growing out of the contract of Sonnefield & Emmins as assumed therein by the fidelity company, so that the First National Bank Building Company in the completion and delivery-of the buildings would only have paid in toto the sum named in the contract, less deduction for work and material omitted, plus any extras to which the contractors might be justly entitled under the contract.
On the same day the First National Bank Building Company accepted notice of the said transfer and contract, and consented to the substitution of the Fidelity & Deposit Company in the place of Sonnefield & Emmins.
These acts were recorded on the books of the recorder of Caddo parish on the same day.
On the 28th of March, 1903, an itemized account of the Union Iron Foundry Company against Sonnefield & Emmins for goods, wares, and merchandise sold and delivered to the latter by the Union Iron Company to an amount of $5,887 was recorded on the books of the recorder of Caddo parish, the same being sworn to as true and correct in all particulars, and as then due and unpaid.
On the same day an itemized account in favor of the Union Iron Company against Sonnefield & Emmins for goods, wares, and merchandise sold by the Sonnefield & Emmins Company to the latter company to an amount of $947 was recorded in the mortgage books of Caddo parish; the same being sworn to as true and correct in all particulars, and as due and unpaid.
On the 17th of October, 1903, the district court, for reasons assigned, rendered judgment in favor of the.plaintiff, the Union Iron & Foundry Company, adjudging and decreeing that it do have and recover of the First National Bank Building Company and of the Fidelity & Deposit Company of Maryland in solido the sum of $6,193.80, with legal interest from judicial demand, and all costs of said suit, and that plaintiff’s privilege as furnisher of material be recognized and enforced according to law on the bank building at the corner of Market and Milam streets, in the city of Shreveport, La., belonging to the First National Bank Building Company, to pay and satisfy the judgment with all costs.
The court declared in its judgment that, Sonnefield & Emmins having been sued as nonresidents, and not having voluntarily appeared, no personal judgment could be rendered against them. The Fidelity & Deposit Company and the First National Bank Building Company, appealed. The plaintiff moved in the Supreme Court that the judgment appealed from be amended by awarding it the full amount sued for, but that in other respects it be affirmed.
Opinion.
The first matter to which our attention is directed is to the position which was taken by the Fidelity & Deposit Company that it had not been brought into court through the *447 service of petition and citation made upon Robt. A. Hart, for the reason that at that time, by corporate action then duly recorded in the office of the Secretary of State of Louisiana, that officer had been appointed by it as the person upon whom legal process directed against it should be served. The district court sustained it in this contention, and set aside the judgment of default which had been entered against that company, predicated upon the theory that service upon Black had effected a citation upon it. The action of the district court in holding that there was no citation upon the company by reason of that service was correct. The necessary consequence following that conclusion was that the judgment by default had been improperly taken, and it was properly set aside. While the company, however, was not brought into court through that service, it brought itself into court (as of the date of the application) when it joined Sonnefield & Emmins in their application for a removal of the case to the federal court. We have on many occasions held that appearance for any cause other than to plead want of citation was a recognition and admission of being in court, and this rule found proper application in the application to remove this case. It was an essential basis for removal that the case should be then pending in the district court so far as citation was concerned. The plaintiff in this case did not resist the application to remove, so far as the fidelity company was concerned, on the ground that its application was made too late. It objected for the reason that the facts of the case themselves did not warrant or justify the removal, ana we think its objections were well grounded.
Counsel of the Fidelity & Deposit Company insist that there was no privity between the bank and Sonnefield & Emmins, but we think there was. The plaintiff brought the bank into the suit, not only upon the ground that it had made itself liable to the plaintiff as one of the creditors of Sonnefield & Emmins by failure on its part to perform the statutory obligation imposed upon it by act of 1894 in requiring the owner to furnish bond to secure the payment of workmen and of furnishers of material to the building contractor, but also as directly interested in the privilege alleged to have been acquired on its property by the recording in the recorder’s office of the accounts due by the contractors to the plaintiff as a furnisher of materials. The claim of the plaintiff against the contractors on either ground was unliquidated, and it had to be liquidated contradictorily between all the parties in interest. The bank had the legal right for its protection to insist that Sonnefield & Emmins should be made at the beginning, and be maintained to the end, as parties to the suit. The plaintiff likewise had the right to have its claims established in one single suit contradictorily with all the parties in interest. We think the important fact in this matter is the existence for the purposes of the suit of such a legal connection between the defendants as to make them proper, even if not essentially necessary, parties to the litigation, rather than the precise nature and character of the facts which bring about the connection. The fights and obligations of all the defendants are so closely interdependent that we do not think they can be separated. Cross on Pleadings, §§ 18, 20; Baker v. Pagaud, 26 La. Ann. 222; Ames v. Chicago, R. R. Co. (C. C.) 39 Fed. 88.1; Huston v. Fisk, 10 La. Ann. 770.
We next direct our attention to the claim made by the Fidelity & Deposit Company that the testimony in favor of the plaintiff which was taken under commission should not have been admitted on the trial so far as it was concerned, as it had not been taken contradictorily with it. At the time the commission issued Sonnefield & Emmins, the Fidelity & Deposit Company, and the bank were all in court, and they were all duly notified in the premises, and given an oportunity to cross the interrogatories had they thought proper *449 to do so. Sonnefield & Emmins acknowledged this fact in writing, but in express terms it declined to cross, reserving the right to object to the questions and answers when made, and, so reserving, submitted the matter. The Fidelity & Deposit Company ignored the notice altogether. The plaintiff had the legal right to take out a commission at that time. Rev. St. § 613; Mayo v. Savory, 4 Rob. 1. The fidelity company did not think proper to avail itself of the opportunity to cross the interrogatories. It could not set up its own unwillingness to plaintiff’s prejudice. Independently of this, it has no real grounds for complaint. It was not only the surety of Sonnefield & Emmins, but that firm had become practically one and the same person. The company would, under the transfer made to it and the assumption of Sonnefield & Emmins’ obligations, stand in the latter’s shoes. What this court said in Late v. Armorer, 14 La. Ann. 826, finds application in this case.
For the reasons herein assigned, we think the judgment appealed from is correct, and it is hereby affirmed.
LAND, J., recused, having presided below.