BREAUX, C. J.
Plaintiff, alleging that he is the owner of bonds for over $20,000, secured by mortgage on the land of the defendant company, sued for and obtained a rule against the company to show cause why a receiver should not be appointed to take charge of and administer its affairs.
He alleged that the Louisiana Construction Company was a foreign corporation, owning no property except certain real estate in the parish of Avoyelles; that he is a creditor of said company, and that the company is insolvent; that the officers of the company had mismanaged its affairs and abandoned the property. He further alleged that the company had no domicile in this state, and that there was no agent or officer of the company upon whom to serve citation.
After hearing relator’s demand was granted, judgment was rendered, and Mr. Wm. H. Peterman was appointed receiver.
At the time the rule nisi was issued Mr. T. H. Couvillon, attorney at law, was appointed curator ad hoc, and was directed to show cause in that capacity the next day after the rule was issued why a receiver should not be appointed in accordance with plaintiff’s petition.
In due time, the next day, Mr. Wm. R. Taylor, a resident of this city, through counsel, appeared and suggested that he is a creditor of the defendant company, and that, as such, he has an interest in opposing petition of plaintiff in accordance with which a rule nisi had issued, that he had not had sufficient time to prepare and file the proper intervention and opposition to the cause, and further suggested that the property is in the same condition that it was or had been for the past four or five years, and that there was no emergency requiring an immediate action in regard to the appointment of a receiver, and for this and other alleged reasons of a similar nature he asked for an extension of 10 days, to wit, the usual delay.
After this appearance of Wm. R. Taylor he did file a petition of intervention and opposition to the application of Chas. W. Krotz, the plaintiff here. He suggested in this opposition that under the original deed of trust or act of mortgage, given by the Avoyelles Company to secure the bonds of the company, which were assumed by the Louisiana Construction Company, the defendant, it was expressly stipulated and provided that no judicial action could be taken by a bondholder with a view of procuring the appointment of a receiver, the sale of the property of the company, or to take any legal steps for the purpose of liquidating its affairs without a written consent of a majority of the board, and that no individual bondholder has a right of action; that no service was made; that the appointment of the curator ad hoc was null and void; *359 that the application was made by plaintiff to obtain control to his (Taylor’s) prejudice; that the appointment can only be made at the instance of a majority of the bondholders, or at the instance of a bona fide creditor.
The curator ad hoc also appeared, and filed an answer, pleading a general denial. He substantially filed, as Taylor had filed, an opposition. The phrasing of the opposition was different, but the legal points urged by the curator ad hoc were substantially the same, except that he did not urge that his appointment was in the least a nullity.
Plaintiff and appellee, through counsel, suggests that the transcript filed by the appellant is not complete. The following explains the facts connected with the motion made by plaintiff and appellee to complete the transcript: On the 8th day of May, 1907, judgment was rendered appointing Peterman receiyer. On the 14th day of that month the Louisiana Oonstruction Company, the defendant, presented to the court a petition, which was filed, ashing for the removal of the case to the federal Circuit Court of the district. The usual allegations for the removal were made.
Defendant, in the motion for removal, stated that it is a citizen and inhabitant of Ohio, and that plaintiff is of Delaware.
The foregoing being the fact, it is evident that the motion for removal becomes a part of the proceedings, and shows that the disposition which defendant sought to make of the case in the state court. It further becomes a part of the cause and of the litigation between the parties. We will state, further, that it is a part of the record, for the motion for the appeal was granted on the 20th day of May, 1907; this being some days after the date of the last proceedings in the district court prior to the application for a removal.
If between the date of the judgment, while the cause is still pending in the district court, a motion is made in that court to remove the cause (such as that made in this case) which has bearing upon the issues, it may be embodied in the transcript, and the motion to consider the evidence offered as forming part of the transcript granted on appeal.
This preliminary question herein determined, we take up for decision the question relating to citation; that is, whether defendant has been cited, and if it has not been cited, whether it has waived citation.
No service:
After much had been said and alleged in regard to failure to serve papers on the defendant company, the defendant appeared in court and asked to remove the ease to the federal Circuit Court.
The defendant company must face the fact that this court has already decided that an application to remove the case to the federal court is in effect a waiver of citation.
The company in the case to which we refer had not brought itself into court by service. It brought itself into court when it joined in an application to remove the ease to the federal court. Union Iron & Foundry Co. v. Sonnefield & Emmins, 113 La. 436, 37 South. 20.
The company in the present case waived citation despite the fact that it has alleged in its application to remove, among other grounds (without the least alternative demand), that it had not been cited. The allegation of want of citation in the petition to remove did not do away with the waiver.
To illustrate: If a party to a suit pleads want of citation and payment of the debt (not in the other notice) for which he has been sued in one answer, it would be correct practice to hold him to the plea of payment.
We will state at this time that it does not appear that defendant had complied with Act No. 59, p. 83, of 1898. It had not appointed an agent in this state upon whom citation could be served.
We pass to the next ground urged by appellant, to wit:
*361 The judge of the district court did not have authority to make the rule returnable in less time than 10 days. The statute upon the subject requires return to be made within 10 days from the date of the order, unless circumstances require, in the judgment of the court, a shorter delay. Section 2, Act No. 159, p. 313, of 1898.
In view of the facts and circumstances of the case, the judge deemed it advisable that a return should be made the day after the order was signed.
About this time in the proceedings a bill of exceptions was taken to the judge’s ruling. "When it was presented to him for his signature, the judge inserted the statement in this bill that plaintiff had made proper showing for the appointment, and the delay asked, even if granted, would not afford to the company, the defendant, any ground for its defense, and would result only in allowing creditors to have a receiver appointed by another court, with no beneficial result to the company.
The testimony in the transcript takes up only a few pages. It contains only the testimony of the plaintiff upon the subject, who testified that the coupons of the company’s bonds had not been paid for three years past; that the taxes were unpaid; the assessment was neglected; that the property was depredated upon by trespassers by cutting down the trees and taking them away; that some of the bondholders were manipulating values to their own interest and to the detriment of others; that the property was neglected and abandoned, and was about to be sold for delinquent taxes; that the board of directors never met to see to the affairs of the company.
We infer that the judge knew something of the facts and circumstances, and concluded to place the property in the hands of a receiver in order to conserve it for the owners. He chose to assume the responsibility, doubtless deeming it a duty to act in the premises.
There is unquestionably responsibility, which doubtless will cause judges of the courts of first instance to act judiciously in assuming the administration of property through receivers.
We will not hold that the judge erred. The statute in large part leaves it to the judge of the district court to act in accordance with his judgment, and relieves him to an extent from acting strictly according to the rules of fixed law in matter of a delay within which a return should be made. There is no necessity of waiting until a financial debacle takes place before acting. It might then be entirely too late.
Want of authority in plaintiff:
Defendant’s last contention in the argument in opposition to plaintiff’s application for the appointment of a receiver is that plaintiff is without authority to sue because in an act of mortgage, executed by defendant’s vendor, it appears that the bondholders have entered into an agreement not to sue for such an appointment. It is contended that this agreement is contained in the act of mortgage copied in the transcript. It is a lengthy act and contains a number of conditions. If that “condition” be before the court we do not read it as learned counsel representing defendant interprets it. It contains the stipulation that no action at law should be taken by any one to the act until after the 1st day of February, 1907; and it was further stipulated that the Avoyelles Company, defendant’s vendor would not suffer any of the mortgages of the company to be taken in execution or by other process of law in a suit of creditors or other bondholders, or allow a receiver to be appointed for the company. The trustee in that connection “shall pursue all needful remedies for the security of the bondholders.”
Whatever may have been intended by this *363 stipulation, the time limit seems to have expired. But, if it has not elapsed, it does not appear that the plaintiff is cut off from all possibility of protecting his interest. The .trustee has not chosen to act, and, if we taire the statement of the plaintiff, some action is absolutely necessary to conserve the property.
The defendant did not plead that the appointment of a receiver was to be made only at the instance of a majority of the bondholders, or at the instance of the trustees for the bondholders, or, again, that all parties concerned are anxious for the appointment of a receiver. The only question is whether the property should be administered through the federal courts or the state courts.
Since the state court was first seized of jurisdiction and the proceedings have taken the turn that they have, it is as well not to set aside the judgment of the district court. We are of the opinion that properly the receiver was appointed.
This brings us to a consideration of the intervention of Wm. R. Taylor, a resident of New Orleans, who alleged that he is a credit- or of the defendant company in the amount of $7,500. This is the allegation. There is no proof of the allegation. An intervener should show some interest, and, besides, the appellant should show that he has an interest.
The judgment is not erroneous.
The law and the evidence being in favor of plaintiff, it is affirmed.