## MRS. EMILY WOOLFOLK *v.* ELI FONBENE.

|    |    |
|----|----|
| 15 | 15 |
| 50 | 42 |
| 15 | 15 |
| 107 | 99 |

When, in an assessment of a lot of ground, neither the number of the square, nor the number of the lot, nor the name of the street on which the lot fronted is given, such assessment is wanting in particulars essential to the identification and description required by the 26th section of the Revenue Act of 1847, which requires the tract or lot of land to be designated at least by its boundaries.

When the assessment is not made in the manner required by law, a sale of the property assessed for taxes by the Collector, will be null and void.

An illegality in the assessment of property sold for taxes is a radical defect, and not a mere informality which may be cured by the lapse of five years from the date of the tax sale.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
        *Mott & Fraser*, for plaintiff.    *C. Dufour*, for defendant and appellant.

LAND, J.    This is a petitory action for the recovery of two lots of ground situate in the First District of this city. The defendant claims title by virtue of a tax sale made by the State Tax Collector on the 14th day of November, 1848. The lots in controversy were described, in the assessment by virtue of which they were adjudicated to the defendant, in the manner declared in the following extract from the notice or advertisement of sale, by the Auditor of Public Accounts.

"The following lots in square bounded by New Levee, St. James, Market and Tchoupitoulas Streets, and assessed in the following names, viz, *Mrs. A. Woolfolk*, 1 lot, 32 by 128, amount of taxes $4 80; 1 lot, owner unknown, 32 by 128, amount of taxes $4 80."

In this assessment, neither the *number of the square*, nor the *number of the lot*, is given, nor the *name of the street* on which the lots fronted, or were situated. The assessment is wanting in the particulars essential to a description and iden-

tification of the property assessed for taxes due the State, as required by the 26th section of the Revenue Act of 1847, p. 130, which requires the tract or lot of land assessed to be designated at least *by its boundaries*. In the assessment of the lots in question, their boundaries are not given at all. The boundaries of the square in which they are situated are not the boundaries of the lots. The description in the assessment would apply to any lot in the square bounded by the streets named, as well as to the lots in question. As the assessment was not made in the manner required by law, it was null and void, as authority on the part of the Tax Collector *to sell*, and cannot, therefore, form a basis of title in favor of the defendant. An illegality in the assessment of property for taxes, is a radical defect, and not a mere informality which may be cured by the lapse of five years from the date of the tax sale; and the prescription pleaded by the defendant is, therefore, not applicable to this case.

It is shown that the use of the property was worth five dollars per month, and the fruits received by the defendant reimbursed him the amount of taxes paid, and also compensated him for the cost of enclosures, admitting his right to compensation, on which we express no opinion.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.