No. 6229.

A. A. DELARODERIE VS. MRS. ANNA HILLEN, TUTRIX, ET AL.

It is not in the power of an assessor to vest title in any one by simply entering land in the assessment roll in the name of such person. A tax-collector's deed of sale is *prima facie* evidence of title, but the property must have belonged to the person to whom it was assessed. Plaintiff has failed to make out his claim; it does not concern him to have the validity of defendant's title tested.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Dewing, J.* *Samuel P. Greves* and *J. H. Halsey,* for plaintiff and appellant. *Farrot & Lamon,* for defendants and appellees.

HOWELL, J. This is a petitory action to recover a tract of land in the possession of the defendants. Plaintiff sets up title from one John Elliot, who acquired the land at a tax-collector's sale, recorded January 25, 1873. The answer denies that said land belonged to the person to whom it was assessed and as whose property it was sold, avers fatal informalities in the alleged tax-sale, and sets up title and possession for over thirty years. The plaintiff must recover on the strength of his own title, and not on the weakness of his adversary's title. C. P. 44; 10 An. 160; 11 An. 546, 512; 13 An. 393; Heirs of Thompson vs. Bridgers, not reported.

The evidence of the origin of plaintiff's title is a certificate of the assessor giving the description on the assessment roll, which states that the land was entered by one Gillespie in 1854 with warrant No. 944; and reliance is placed on section 3149 R. S. for the validity of this evidence. This section reads: "It shall be the duty of the recorder of each parish throughout the State to procure from the United States and State land offices a correct abstract of all lands lying in their respective parishes which have been disposed of, giving the name and date, to whom and when sold."

The next section provides that, "when such abstract or descriptive list shall have been procured, it shall be filed in the recorder's office for the purpose of enabling the assessors to make a full and correct return of all lands which may be held or claimed by non-residents."

Conceding that this law makes a compliance with its provisions proof

41

of title to land, there is no evidence of the registry of Gillespie's entry, or of the description as required.

It is not in the power of an assessor to vest title in any one by simply entering land in the assessment roll in the name of such person. A tax-collector's deed of sale is *prima facie* evidence of title; but the property must have belonged to the person to whom it was assessed. Plaintiff has failed to make out his title to the land claimed, and it does not concern him to have the validity of defendant's title tested.

Judgment affirmed.

Rehearing refused.