(57 South. 284.)

No. 18,797.

FRISCO LAND CO., Limited, v. NEVINS.

(Jan. 2, 1912. On Application for Rehearing, Jan. 29, 1912.)

*(Syllabus by the Court.)*

TAXATION (§ 710*) — SALE — REDEMPTION — PAYMENT OF TAX COLLECTOR.

Under section 62, Act No. 96 of 1882, a tax collector was authorized to receive the redemption price of property sold for taxes, only when the purchaser at the sale could not be found. This section has no application to a case where the purchaser was a resident of the parish in which a tax sale was made, and there is nothing to show that a tender in the usual form could not have been made to him.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1436, 1437; Dec. Dig. § 710.*]

Appeal from Seventh Judicial District Court, Parish of West Carroll; J. S. Taylor, Judge, ad hoc.

Action by the Frisco Land Company, Limited, against P. J. Nevins. Judgment for plaintiff, and defendant appeals. Reversed on rehearing.

McCloskey & Benedict, for appellant. M. H. O'Connell and Davis, Browne & Browne, for appellee.

LAND, J. This is an action to establish title to real estate as provided by Act No. 38 of 1908, where two or more persons claim by recorded title, and neither of them are in actual possession of the premises.

The land in dispute, consisting of several sectional subdivisions, containing a total area of 240 acres, was assessed to Thomas P. Kenny, the original entryman for the taxes of the year 1881. The taxes were not paid, and on May 20, 1882, the property was exposed at tax sale and adjudicated to Simon Witowski, and a few days later a formal tax deed to the purchaser was duly executed and recorded. The plaintiff claims title from Simon Witowski through mesne conveyances.

Defendant claims title by deed executed in October, 1881, by the sole heir of Thomas P. Kenny, and also by deed executed in 1887 by Kenny's widow.

The defense is an alleged redemption of the property from the tax sale, on April 27, 1883, by Peter J. Nevins, as owner, by payment of the proper amount to the sheriff and tax collector of the parish of West Carroll. The fact of this payment is not disputed, but it is contended by the plaintiff that as the tax purchaser was a resident of the parish, the deposit of the redemption price with the sheriff and tax collector was not authorized by law, and therefore did not affect the title of the tax purchaser.

The tax sale was made under Act No. 77 of 1880, which contains no provision for the payment of the redemption price to the tax collector. Section 47 of said statute, reads as follows:

"That from the date of the recording of said tax deed of sale, all the rents and revenues of the property therein conveyed shall belong to the purchaser, and shall be paid to him; and all taxes thereon, shall after that date be assessed to and shall be paid by him, until the said property be redeemed. If redeemed, the person redeeming shall pay all the taxes assessed upon said property subsequent to the tax sales."

Act No. 96 of 1882, § 62, provided:

"That the tender required from the owner of property adjudicated to a purchaser for taxes due, in accordance with article 210 of the Constitution, may be made to and deposited with the tax collector, or ex officio tax collector, making said sale or his successors in office; provided the same be made within the term provided by said article; provided further that the said tender and deposit with the aforesaid officer can be made only when the purchaser cannot be found."

It necessarily follows from the text of the law that the tender must be made to the purchaser, when he can be found.

It is admitted that the purchaser at the tax sale was, in 1882, a resident of the parish of West Carroll, and had been residing in said parish since 1870. A tender of payment may be made, "either to the creditor himself or at his dwelling." C. C. art. 2168.

"When the tender is for money due, it must be made to the creditor himself or at his actual or chosen domicile, by the debtor or his agent, in the presence of two witnesses residing in the place, by tendering to such creditor the sum which is due to him, with the interest." C. P. art. 407.

There can be no deposit or consignment of the amount due until after a tender to the creditor and his refusal to accept the same. The act of 1882 dispenses with this tender to the tax purchaser *only* in cases where he cannot be found. The evidence before us presents no such exceptional case. The tax purchaser resided in the parish, and there is no evidence that he could not be found when the deposit was made with the tax collector. See Prater v. Craighead, 118 La. 639, 640, 43 South. 258. The receipt of the tax collector contains no recital that the tax purchaser could not be found. In short, there is no evidence whatever to show that a tender could not have been made to the tax purchaser at his usual place of residence in the parish of West Carroll. It follows that the deposit of the money with the tax collector was unauthorized, and had no legal effect. The notation of the so-called redemption on the conveyance book was likewise unauthorized, and had no legal effect.

It is argued that the presumption is that the tax collector delivered the deposit to the tax purchaser. There is no averment in the answer that the tax purchaser received the price of redemption. The evidence shows that the tax purchaser and his vendees have paid the taxes on the property since 1882. The defendant has also paid taxes on the same property since 1882. The continued claim of ownership by the tax purchaser is inconsistent with the hypothesis that he acquiesced in the redemption by accepting the deposit placed in the hands of the tax collector. Both parties seem to have stood squarely on their respective claims of ownership.

The exception of no cause of action, filed in this court is without merit. It was not necessary for the plaintiff to allege that the tax purchaser had not received the deposit placed in the hands of the tax collector by the defendant. The burden was on the defendant to allege and prove a redemption of the property from the tax sale.

We see no good reasons for remanding this case. The letter of defendant's agent is no evidence against the plaintiff, and, besides, shows on its face that the tax purchaser was present in the parish at the date of the alleged redemption.

Judgment affirmed.

### On Application for Rehearing.

MONROE, J. A reconsideration of this case has led the court to the conclusion that the interests of justice will be best subserved by affording the defendant a further opportunity in the matter of his defense, and, more particularly, *to show that the amount paid in redemption of the property inured to the benefit of the tax purchaser.*

It is therefore ordered that the judgment heretofore rendered in this case be set aside,

that the judgment appealed from be annulled, avoided, and reversed, and the case be remanded to the district court for such further competent evidence as the parties may offer.