PROVOSTY, J.
The plaintiff brought this suit to confirm a tax title, and, as against any grounds of nullity that might be sought to be adduced against the tax sale by which said title was acquired, pleaded, in advance, in its petition, the prescription provided for by article 233 of the Constitution, as follows:
“No sale of property for taxes shall be set .aside for any cause, except on proof of dual assessment, or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, * * * or within three years from the adoption of this Constitution, as to sales already made, and within three years from the I date of recordation of the tax deed, as to sales made hereafter, if no notice is given.”
The defendant pleaded the general denial, and specially pleaded that he had redeemed the property from said tax sale. The trial court gave judgment for plaintiff, and the defendant appealed. On said appeal this court understood that the sole defense to the suit was that the property had been redeemed from said tax sale. The court, in stating the issues, said:
“The defense is an alleged redemption of the property from the tax sale.”
The court found that there had been no redemption, and affirmed the judgment appealed from. On application for a rehearing, however, it was considered that the defendant might be able to offer further evidence on this question of redemption, and the case was remanded. See Frisco Land Co. v. Nevins, 129 La. 963, 57 South. 284.
On this second trial, no amendment of the pleadings was made, and no further evidence was offered, except that the letter referred to by this court in its former opinion in this case was formally offered in evidence, and the writer of this letter, Col. H. R. Lott, was shown to have been defendant’s agent at the time the letter was written, employed to look after defendant’s lands in the parish in which the land in dispute is situated.
[1] Objection was duly made to this letter being admitted in evidence, on the ground that the letters of an agent to his principal are not evidence in favor of the principal. But if the letter were admitted, it would only show that there had not been a redemption. It shows that, the tax purchaser having refused to come to the county seat in order that an offer of redemption and tender might be made to him, the defendant’s agent deposited the redemption money with the sheriff. That this proceeding did not have the effect of operating a redemption from the tax sale was held by this court on the former *930 appeal, and there is no occasion for adding now anything to what was then said on that score.
[2] On the present appeal, the learned counsel for defendant have sought to mend their hold by setting up in argument a number of grounds of nullity against the tax sale, and, still in argument, denying that the said prescription of three years under article 233 of the Constitution is applicable to this case. These grounds of nullity,- not having been pleaded, cannot be considered. The answer, when taken in connection with the plea of redemption contained in the same answer, cannot be made to serve for an allegation of nullity on the grounds thus now set up in argument. The written reasons of the trial judge show that the case was not fought on those issues in the trial court, but solely on the issue of redemption vel non.
Judgment affirmed.