The Supreme Court, having a minimum jurisdiction of $2,000 under Const. 1921, art. 7, § 10, has no power to entertain an appeal from a judgment in a suit to recover $1,000 representing one-half of an annual fee for a retail liquor license rendered useless by the advent of national prohibition, no attack on the validity of the law under which the fee was paid being made.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by Roussau Dugas against the City of La Fayette. Judgment for defendant, and plaintiff appeals. Case transferred to court of appeals.

George P. Lessley, of La Fayette, for appellant.

Dan DeBaillon, City Atty., of La Fayette (Orther C. Mouton, of La Fayette, of counsel), for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiff paid to the city of La Fayette $2,000 for a retail liquor license to do business for the year 1919. National prohibition went into effect on the 1st of July of that year, and this suit is to recover back one-half of the amount so paid, or $1,000.

The case presents no attack upon the validity or constitutionality of the law under which the license fee was paid; hence this court, whose minimum jurisdiction is above $2,000, has no power to entertain the appeal. Const. 1921, art. 7, § 10.

154 La.—31

For the reason assigned, this case is transferred to the Court of Appeal, First Circuit, appellant to pay costs of this court, all other costs to await final judgment.

---

## (98 South. 434)

## Nos. 23942 and 24149.

## HUNT v. ABEL, Clerk of Court.

## LEWIS v. HUNT.

(Nov. 19, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Taxation ⬅=710—Deposit by mortgagee of redemption money with recorder held insufficient.**

While a mortgagee has a sufficient interest in the property to permit him to redeem from a tax sale, he may under Act No. 170 of 1898, § 65, do so by depositing the redemption money with the tax collector only when the purchaser cannot be found, or when he declines to receive it, and it is insufficient to deposit with the recorder for the account of the purchaser a sum sufficient to redeem the property, without making a tender of the money to the purchaser.

**2. Taxation ⬅=734(3)—Tax purchaser held to acquire no rights in view of invalid assessment.**

Where certain property was returned by the assessor in the name of plaintiff's husband, and the tax collector changed it on the copy of the roll to the name of plaintiff, and it was so advertised, sold for taxes, and bought in by her, but the property in fact belonged to another, plaintiff through her purchase under such invalid assessment could acquire no rights as against the real owner.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Proceedings in mandamus by Mrs. Nora B. Hunt against P. K. Abel, Clerk of Court and ex officio Recorder, to compel him to erase the cancellation of the record of a tax deed, and by J. H. Lewis against Mrs. Nora B. Hunt. From a judgment for defendant in the first-mentioned case plaintiff appeals,

and from a judgment for plaintiff in the last-mentioned case defendant appeals.

Cases consolidated on appeal and judgments affirmed.

John H. Mathews, of Alexandria, for appellant.

Pearce & Fuller, of Winnfield, for appellees Abel and Lewis.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. These two cases have been consolidated for the purpose of decision in this court.

The first was a proceeding by mandamus to compel the clerk and ex officio · recorder to erase the cancellation upon the record of a tax deed executed in favor of plaintiff under a sale by the town marshal of the town of Winnfield of certain property for delinquent taxes. Petitioner alleged that the said recorder had written across the face of said deed, without authority in fact or law, the notation: "Upon receipt of $19.18, being taxes, interest and costs, 20% thereon and cancellation fee paid by Ole Matheson the record owner of the property herein described, this deed is this day canceled. December 19, 1918. P. K. Abel, Clerk & Recorder." No one but the recorder was made a party to this action.

The record discloses that, while the property in question was returned by the assessor in the name of plaintiff's husband, the tax collector for the town changed it upon the copy of the roll used for municipal purposes to the name of plaintiff, Mrs. Hunt, and it was so advertised, sold, and bought in by her; that is, the purported tax debtor became the tax purchaser.

One Ole Matheson, who held a mortgage upon the property, deposited with the recorder, within the year allowed for redemption, for the account of the purchaser, a sum sufficient to cover the taxes, interest, penal-ties, costs, and 20 per cent. on the whole, provided by the statute; the recorder canceled the tax deed, and on December 19, 1918, mailed plaintiff a check for the amount necessary to redeem the property, which she received and kept until the filing of this suit, January 2, 1920, more than a year later, though she never cashed it. Matheson made no effort to pay the money to plaintiff, although she lived in the same town.

[1] This was not a compliance with the law. The mortgagee unquestionably had sufficient interest in the property to permit him · to redeem it, yet the law (section 65 of Act 170, 1898) clearly points out the method by which this shall be done; i. e., that it (the redemption money) "may be * * * deposited with the tax collector, * * * making said sales: * * * Provided, further, that said payment to the aforesaid officer can be made only when the purchaser cannot be found or when the purchaser declines to receive it." The tender to the pur-·chaser, if she could be found, should have been made, and, if refused, the money should have been deposited with the tax collector who made the sale, and not with the recorder or his successor. Prater v. Craighead, 118 La. 639, 43 South. 258; Frisco Land Co. v. Nevins, 129 La. 964, 57 South. 284.

It follows· that, as between the plaintiff, Mrs. Hunt, and the recorder, she was entitled to have the cancellation erased as having been made without authority.

However, this finding can be of little benefit to her in this case because, in the other one with which it is consolidated, we have concluded that the plaintiff in the latter case, J. M. Lewis, a petitory action, should recover the property.

### The Petitory Action.

[2] Lewis, plaintiff in this suit, has shown a complete chain of title to the property running back to the government, with the ex-

ception of this tax sale in which defendant, Mrs. Hunt, appeared both as tax debtor, or vendor, and as purchaser, or vendee. As a matter of fact, she was not then the record owner, but she is scarcely in a position to dispute this fact, because the effect would be to plead the invalidity of her own deed. The three years prescription provided by the Constitution had not run when the suit was filed, and hence we are not called upon to say what the effect would be if that question was before us. We think the legal result under the circumstances of this case was simply that the taxes were paid. Certain it is that, if defendant, Mrs. Hunt, had been the real owner of the property, she could not have acquired any new title by virtue of a sale in her own name to herself; there the assessment and all proceedings up to the sale would have been valid; and it would seem logically to follow, that, if she could not do so in those circumstances, she could not acquire a greater right where, concededly, the assessment was invalid. See Louisiana Dig. vol. 7, p. 143, verbo, "Taxation," § 326; Montgomery v. Whitfield, 41 La. Ann. 649, 6 South. 224.

Our conclusion is that defendant's purchase did not affect the title to the property, and plaintiff is entitled to recover.

For the reasons assigned, the judgments in these consolidated cases are affirmed at appellant's costs.