### No. 2176.
### Second Circuit Appeal.

## LEE M. McBROOM v. FROST-JOHNSON LUMBER COMPANY, ET AL.

(June 6, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Taxation—Par. 333.**
A tax sale for taxes sold in the name of a person who did not own it is an absolute nullity.

2. **Louisiana Digest—Prescription—Par. 12, 20; Taxation—Par. 336, 341, 377.**
Having remained in actual open, peaceable possession as owner under title translative of property for more than ten years, he is entitled to hold same as owner free from a null and void tax title.

Appeal from Fourth Judicial District Court of Louisiana, Parish of Union, Hon. S. L. Digby, Judge.

This is a suit to have an invalid tax title removed.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Elder & Everett, of Farmerville, attorneys for plaintiff, appellee.

Fields & Blackshear, of Farmerville, attorneys for defendants, appellants.

REYNOLDS, J. This is a suit by Lee M. McBroom against Frost-Johnson Lumber Company and Security Trust Company to quiet plaintiff in his possession of NE¼ of NW¼ of Section 9 Township 23 North Range 1 West, in Union Parish, Louisiana, and to have the cloud on his title caused by the recordation of a tax deed to Sum-

mit Lumber Company and its assigns of the above described land for unpaid taxes assessed to S. L. Tubb for the year 1904 removed.

Defendants, in answer, claimed title by reason of said tax deed and alleged that said tax deed was perfect and gave the tax purchaser, Summit Lumber Company, a valid title, and further alleged that plaintiff is estopped from attacking said tax deed for the reason that the same is more than three years old.

On these issues the case went to trial.

There was judgment for plaintiff, and defendants appealed.

### OPINION.

The evidence established that J. H. McBroom acquired the property in dispute by Notarial Act, duly recorded on November 23, 1903. Under the law the property was or should have been assessed to him for the year 1904, as he was the record owner of it, and the assessment of the property to S. L. Tubb for the year 1904 was null and void.

J. H. McBroom was assessed in Union parish for the year 1904 with 320 acres of land and his tax receipt showing payment of taxes for that year was introduced in evidence.

The property in dispute was sold in 1905 for taxes of 1904 under assessment to S. L. Tubbs, at which time not S. L. Tubbs but J. H. McBroom was the record owner.

It is therefore apparent that the tax sale to Summit Lumber Company was for taxes not properly assessed and that therefore the tax deed was an absolute nullity.

Slattery vs. Heilperin, 110 La. 86, 34 South. 139.

Cain vs. Herndon, 107 La. 599, 32 South. 33.

Hunt vs. Abel, 154 La. 962, 98 South. 434.

Font vs. Gulf States Land Co., 47 La. Ann. 272, 16 South. 828.

Woodfolk vs. Fonbene, 15 La. Ann. 15.

In re Baton Rouge Oil Works, 34 La. Ann. 255.

Breaux vs. Negrotto, 43 La. Ann. 427, 9 South. 502.

Charbonnet vs. State Realty Co., 155 La. 1044, 99 South. 865.

J. H. McBroom and those holding under him remained in open, peaceable, actual, notorious possession as owners of said land after the tax sale; rightfully, under the impression that all taxes on same had been paid, for J. H. McBroom held his tax receipt for his taxes for the year 1904; and the tax purchaser, Summit Lumber Company, made no effort to take possession of the property or any part of it.

Hence defendant's claim of title under their purchase from Summit Lumber Company must fail.

The Supreme Court, in Bartley vs. Sallier, 118 La. 93, 42 South. 657, says: "One fails in his claim as tax owner where he has never had possession sufficient to sustain his title and to bring it within the prescriptive period of Article 233 of the Constitution." (Now Article X, Section 11, Constitution of 1921.)

Plaintiff and his authors in title having remained in actual open, peaceable possession as owners under title translative of property for more than ten years, he is entitled to hold the same as owner free from a null and void tax title and to have said tax title and all titles emanating from the same cancelled from the record as a cloud on his title.

Gomez vs. Wilde, 10 Orl. App. 213.

Defendants insist that plaintiff is estopped from setting up the nullity of the Summit Lumber Company's tax title because it is more than three years old; but this contention amounts to nothing more than a plea of three years' prescription in support of defendants' title and that plaintiff cannot prevail even if, under

the evidence, plaintiff and his authors in title remained continuously in actual, open, notorious possession of the land as owners, before the tax sale, at the time of the tax sale and since the tax sale.

When a tax sale is made against a person assessed who had no title to the land, the sale is null.

Delaroderie vs. Hillen, 28 La. Ann. 537.

Desorreaux vs. Moylan, 26 La. Ann. 730.

The prescription of three years under Act 105 of 1874, paragraph 5, like the prescription of five years provided in Civil Code article 3543 cannot defeat an action of nullity founded upon a radical defect in a tax sale such as that the property was sold under an assessment made in the name of a person who did not own it.

Gilmore vs. Frost-Johnson Lumber Co., 139 La. 354, 71 South. 536.

Plaintiff insists that defendants are estopped from disputing his ownership of the property because of the fact that since the date of the tax sale relied on by defendants, defendants or their authors in title purchased from plaintiff a right of way across the forty acres in dispute. Under our view of the case we have not found it necessary to pass upon plaintiff's plea of estoppel.

For the reasons assigned, the judgment of the lower court is affirmed.