The opinion of the court was delivered by
Watkins, J.
The averment of plaintiff’s petition is, that he is the owner of an undivided one-third interest in a certain described lot of ground, with the improvements thereon, situated in the city of New Iberia, having a front of sixty-four (64) feet on the southwest side of Main street, with a .depth of about one hundred and seventy (170) feet, bounded northwest or above by lot of Mrs. Widow Johnson, northeast by Main street, and southwest by property of the estate of William Robertson, deceased, or assigns.
That he acquired the ownership of said property by a donation inter vivos from Mrs. Joseph Dubuclet, plaintiff’s great-grandmother, his brother and sister owning jointly with him one-third each, and petitioner specially disavows any title or claim of ownership thereof, as having been derived by inheritance from his father or mother, or from any other person whomsoever, same having been illegally disposed of by his father, B. D. Dauterive.
That he has never been divested of his right, title and interest, as above set forth, in the aforesaid property; and “that all proceedings by which it is claimed and pretended he has been (divested) are absolutely null and void and in no manner or sense binding on him.”
That at the time it is claimed he was divested of ownership and possession of said property, by reason .of certain illegal acts, he was a minor of tender years, and that the attempt to deprive him. of Ms property, as well as the manner of doing same, were absolutely null and void for the following reasons, viz.:
*1318 1. Because the court in which all the proceedings were had was without jurisdiction ratione materias et personas.
2. Because there never was legally appointed to him a tutor and under-tutor, and no law authorizing their appointment to be made while his father and mother were living.
3. Because the family meeting.which advised the sale of the property in which he has an interest was null and void ab initio.
4. That the appointment of an under-tutor ad hoc who concurred in the recommendation of the family meeting was absolutely null and void, and his concurrence in no manner binding on his rights of property.
5. Because the family meeting in their proces verbal assign no reasons or necessity for the sale.
6. Because the application for the sale, and the order thereon based, was an attempt to defraud petitioner and deprive him of his property.
7. Because no party in interest demanded a partition.
8. Because the proceedings of the aforesaid family meeting were never legally homologated, the court being without jurisdiction to homologate same.
9. Because your petitioner being, at the time, a minor, was unrepresented in the proceedings purporting to divest him of his property.
10. Because the proceedings purporting to partition this property, in which he had an interest, were inaugurated under a law that had no application to the subject matter thereof.
Then follows this general sweeping allegation, viz.:
“ Petitioner alleges that the orders of court, and all proceedings had in the premises, looking to the consummation of the same, by which it was attempted to deprive him of his property, are absolutely null and void, because your petitioner was not represented in any of them. '* * * Because there was no necessity for the sale. * * * That the attempt to divest his title was unwarranted and illegal, and the result of a fraudulent conspiracy; and that he received no portion of the proceeds of sale — if any were paid.”
He further avers that “ all the nullities and defects above set forth are fundamental, absolute, radical nullities, and that he could not, by reason thereof, have been, nor was be divested of his title and ownership therein.”
*1319 It is further averred that the aforesaid property is wrongfully and illegally in the possession of defendant as owner; and that its possession is and was ab initio in bad faith, entitling petitioner to rents and revenues at the rate of five dollars per month from--18Y9, until the final determination of this suit.
His prayer is for citation and judgment in conformity to the foregoing allegations.
In limine the defendant excepted to the want of proper parties defendant, and prayed the suit be dismissed; and, reserving the benefit of its exceptions, it answers, averring that it is the legal and bona fide owner of the property by title translative of property, and for a valuable and adequate consideration — setting forth the causes and circumstances of sale, and, amongst others, that the price was duly paid, and enured to the benefit of the plaintiff, who has, in this, and various other ways, ratified the same.'
The plea of a want of a previous tender is urged. “Defendant avers that the plaintiff is estopped by word, deed, act and record from claiming the property in question in this suit, all of which estoppels defendant specially sets up in defence.”
He also pleads the prescription of one, four, five and ten years.
He further pleads and avers that, if any of the proceedings, judgments and transfers through which it claims be illegal or defective, and null, that any and all such illegalities, or nullities, are only relative, and can not be collaterally attacked, or brought into question, except by a direct action.
The defendant then alleged that it derived title from an association of persons, firms and corporations, composing the social person styled O. W. Georges & Oo. — enumerating them individually and severally — by a written and duly recorded deed of sale, in 1888, which contained a stipulation of full warranty.
It shows that each and every one of the members of said association are the warrantors of its title to said property, and that it desires to call each of said persons in warranty, to defend this suit; and that it is entitled to have against each of said warrantors the same judgment that may be rendered against it, as defendant in this suit.
There is then a demand in reconvention, the specifications of which are, in substance, that there is now situated on said premises an opera-house building, and all the appurtenances thereto belong *1320 ing: such as fencing, outbuildings, walks, pipes, gas-fixtures, and other valuable and permanent improvements. That said building contains, in addition to the opera house proper, two stores and a hall, and that the cost of material and price of workmanship therein was thirty thousand dollars — same having been erected during the years 1887-88.
It is also averred that an annual expenditure of two hundred and fifty dollars is necessary for current repairs, and that the buildings have been kept regularly insured at a large cost annually, say three hundred and fifty dollars per annum.
That it has also been put to a large expense annually for taxes, say one hundred and fifty dollars per annum.
The averment is then made that in the event a judgment is rendered in plaintiff’s favor, it is entitled to be reimbursed all of said values and expenditures; and judgment is prayed in reconvention for same, and defendant to be decreed entitled to retain possession until said reimbursement is made.
The prayer, in other respects, is in conformity to the foregoing averments of the defendant’s answer.
Various parties who were called and cited in warranty made appearance for the sole purpose of excepting to the plaintiff’s action, and, in various forms of phraseology, excepted, that the petition disclosed no cause of action; that they urged the various exceptions that are set out in defendant’s answer; that the calls in warranty disclosed neither cause nor right of action, and that the plaintiff s estopped from asserting title to the property by deed, word and record.
Some of them specify a particular act as an estoppel and say ‘‘ that, plaintiff is more particularly estopped by the allegations and averments of a certain act passed before P. Laurent Renoudet on the 24th of March, 1890, wherein petitioner declares that the claims now set forth have long been settled between himself and his father, B. D. Dauterive, and to which act special reference is made for more particular specifications.
“ And also by his appearance and declarations in acts of sale made by his father, B. D. Dauterive, and Enzelina Landry, on the 17th of June, 1890; and to Marie Estelle Rebbick, on the 28th of December, 1889.”
Others specify plaintiff’s acts of ratification and acquiescence in the- *1321 sale of the property to be his acceptance of the proceeds of sale and his authorization for the cancellation of a mortgage resting thereon in his favor and that of his co-owners.
On these cumulated, diverse and possibly conflicting exceptions, the cause went to trial, and from a judgment sustaining some of them, and dismissing his suit, the plaintiff has appealed.
It is manifest that this is a petitory action of ordinary form wherein the absolute nullity of various interfering judicial proceedings are averred, in order to brush them aside and remove them from further consideration.'
As ad'juvatory to this action petitioner alleges that at the time these judicial proceedings were inaugurated and consummated he was a minor and unrepresented. That he has, at no time, nor in any manner, recognized or acquiesced in said proceedings and sale; and that he did not receive any portion of the proceeds of sale. Butr perhaps, the most striking and significant allegations of the petition are (1) that plaintiff acquired title by donation inter vivos from Mrs, Dubuclet, his great-grandmother; (2) that he specially disavows any title or claim of ownership of the property “ as having been derived by inheritance from his father or mother, cr any other person whomsoever.”
It would appear that this averment had been made, ex industria, with a view of meeting and forestalling just the exceptions as have been interposed.
It is, further, of importance to consider the fact that the defendant — with whom alone the plaintiff deals in this court — is in court, on answer containing the broadest and most explicit response to the demands of the petition, and therein has incorporated the substance of all the various exceptions that were, subsequently, tendered by warrantors — the specific averment on the subject being “ that the plaintiff is estopped by word, deed, act and record from claiming the property in question in this suit.”
In this situation the question of difficulty presented to the judicial mind is the method by which these questions of estoppel can be.segregated from the body of the case, already at issue by answer of the defendant, at the instance of warrantors subsequently appearing therein. Particularly in view of the fact that the plaintiff had previously disavowed, most specifically, all the acts and conduct on which the warrantors’ pleas of estoppel are predicated.
*1322 An examination of the “reasons for judgment ” which are assigned by the judge a quo clearly illustrates this difficulty; because they trenched largely on the merits of the cause — and necessarily so — in determining the exceptions.
We are clearly of the opinion that all these pleas of estoppel involve matters appertaining to the merits of the cause, and with which same are so commingled that a fair and intelligent decision of these can not be reached otherwise than on a trial of the merits, to which they ought to be referred, to stand as parts of the answer of warrantors.
But this ruling does not apply to the exception to the want of proper parties defendant.
In determining this exception it must be observed that plaintiff was particularly careful to state that all of the badges of nullity were absolute in character; while the defendant, joining issue on that question, affirmed that the alleged nullities we re merely relative, and, consequently, the proceedings could not be collaterally attacked.
It is evident that in determining whether proper parties have been made, the allegations of the petition must be considered from the plaintiff’s standpoint. If on the trial the fact is ascertained that the alleged nullities in the judicial proceedings adverted to are not absolute but relative, they will not avail the plaintiff, and he may, on that account, be driven to his revocatory action. But having pursued the petitory form of action, he was entitled to avail himself of any absolute nullity that he could point out as a means of disencumbering hisTitle. A fair illustration of this practice is given in the case of Gravenburg vs. Bradford, 44 An. 400, and in discussing that question in that case we said:
“We take it to be clear and undoubted that this is a petitory action of ordinary form, in which it became necessary for the plaintiffs to set up the absolute nullity of the probate sale to Wedge of the Boisderé land claim in 1892, and the consequences flowing therefrom, in order to remove an apparent obstacle to their recovery of the property from Bradford, as Wedge’s assignee of the land scrip, which he gave in exchange for patents.
“ This is not, in any sense, an action of nullity or rescission, seeking the help of a judicial decree revoking a judicial sale. Such sale and proceedings are only collaterally drawn in question, and plaintiff’s full reliance is placed upon the Boisderé succession records, to *1323 exhibit and prove the want of jurisdiction of the Probate Oourt of Lafayette parish to grant the order of sale and the consequent nullity of Wedge’s title to the land claim.” Belard vs. Gebelin, 46 An. 326; Bledsoe vs. Erwin, 33 An. 618; Walworth vs. Stevenson, 24 An 253.
So in the instant case the plaintiff’s reliance is placed on the absolute nullities he has suggested in the judicial proceedings, which are collaterally drawn in question to show that his property was not alienated according to the forms prescribed by law.
The case relied upon by the defendant’s counsel — Heirs of Burney vs. Ludeling, 41 An. 627 — is not in point. That was a revocatory action, coupled with an action of revendication, and had for object the revocation and annulment of divers outstanding mesne conveyances, which intervened between the plaintiff’s and defendant’s title; and, in order to reach and recover the property, it was deemed necessary that same should be set aside. And, in order that this result be obtained, ail the parties to the intervening titles were deemed and decided to be necessary parties to the suit. And such was our decision in that case.
We are of opinion that all necessary parties are before the court, and this exception must be overruled.
We observe that the District Judge, in passing on the exceptions, rendered judgment “ rejecting finally (plaintiff’s) demand and claim, and dismissing (his) suit;” that was error. The judgment must be reversed.
It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the exception as to want of proper parties be rejected, and that all of the pleas of estoppel be referred to the merits to stand as parts of the answers of warrantors when filed, and that the cause be reinstated and remanded for trial on the merits according to law and the views herein expressed, defendants and appellees to pay cost of appeal, those of the lower court to await final judgment therein.
Rehearing refused.
Mr. Justice Breaux, being a party to the record, is recused.