(118 So. 876)

No. 29221.

## WINSOR et al. v. TAYLOR et al.

### In re WINSOR et al.

June 4, 1928. On Rehearing Oct. 29, 1928.

Second Rehearing Refused Nov. 26, 1928.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for plaintiffs.

Wm. Winans Wall, of New Orleans, for defendants.

BRUNOT, J. This is a suit to annul a tax sale. The plaintiffs were delinquent taxpayers, and the property involved in the suit was sold for the nonpayment of state taxes for the year of 1919.

The alleged grounds of nullity are that the sale was not preceded by full thirty days' advertisement thereof, and that the purchaser of the property at the tax sale was an employee in the tax collecting department of the municipality of New Orleans.

The property was sold for taxes on August 7, 1920, but the deed was not recorded until October 22, 1920.

Plaintiffs' suit was filed on October 18, 1923. On October 26, 1923, defendant filed an exception to the suit upon the ground that on March 24, 1922, he had sold the property to Third District Land Company, Limited. On November 9, 1923, the plaintiffs filed a supplemental petition and made the Third District Land Company, Limited, a party in the suit.

An exception of vagueness, a second supplemental petition, and the answer of the Third District Land Company, Limited, were filed in the order named. The answer puts several of the averments of the petition at issue, but it is not necessary to consider these defenses, for the Third District Land Company, Limited, seems to rely solely upon its plea of prescription (the constitutional prescription of three years applicable to tax sales), and the decision of the Court of Appeal is specifically based upon that plea.

The exact question presented for our consideration is whether or not the filing of a suit within the prescriptive period against a tax purchaser who, prior to the suit, has sold the property to a third person, bars the record owner of the property from invoking the constitutional prescription applicable to tax sales. The question does not appear to have heretofore been presented to this court. In passing upon it, the Orleans Parish Court of Appeal held, quoting from the syllabus, that:

"In order to interrupt the constitutional prescription of three years in favor of tax sales suit must be brought against the record owner of the property within the prescriptive period. A suit against the tax purchaser who has previously sold the property will not suffice."

In this case plaintiffs filed suit against the tax purchaser four days before the expiration

of the three-year prescriptive period. Four days after the prescriptive period had run, the defendant filed the exception mentioned supra, and, on the 9th day of the following month, the plaintiffs, by supplemental petition, made the Third District Land Company, Limited, a defendant in the suit.

Mr. Joseph Ebert, president of the Third District Land Company, Limited, testified on the trial that his company acquired the property sued for from R. M. Taylor, in good faith, and for a valuable consideration, in 1922; that it took actual possession of the property, under its deed from Taylor; that its possession has been continuous; that it has paid the state and city·taxes assessed against the property since 1922; that it rebuilt the fence around the property, and, since March 25, 1922, one Jack Mass has occupied the property as tenant of the company. Taylor testified that when he acquired the property at tax sale it was not fenced and no one was in actual possession of it.

This court has uniformly held that the record owner of the property is a necessary party to a suit to set aside a tax sale of the property. It follows that the rule should be even more strictly adhered to when it is shown, as has been done in this case, that the record owner is and has been in actual possession of the property for several years, during which time every indicia of ownership has been publicly manifested by it.

The second paragraph of section 11, art. 10, of the Constitution of 1921, follows:

"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul [it] is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within three years from the date of the recordation of the tax deed, if no notice is given. The fact that taxes were paid on a part of the property sold, prior to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the sale as to any part thereof on which the taxes for which it was sold were due and unpaid, provided that the provisions hereof shall not affect any pending suit, nor any suit, which may be brought within a period of twelve months from the date of the adoption of this Constitution, in which any tax sale is sought to be annulled for any of said causes."

There are but two modes of interrupting prescription, viz. the natural and the legal. C. C. art. 3516.

"A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not." C. C. art. 3518.

In the case of Rady v. Fire Insurance Patrol, 126 La. 273, 52 So. 491, 139 Am. St. Rep. 511, it was held that:

"Prescription is not interrupted by the service of citation on a day of public rest other than Sunday."

The Third District Land Company, Limited, was impleaded in this suit and citation was served upon it more than three years after the tax deed to R. M. Taylor was recorded, and the record shows that the only relation existing between Taylor and said land company is that of vendor and vendee of two lots of ground for a cash consideration. The deed from Taylor to the land company had been of record several years before plaintiffs' suit was filed. Under these circumstances, we think it would require a stretch of the imagination to hold that the interests of R. M. Taylor and the Third District Land Company are so intimately identified that they may be considered as substantially the same parties, and, as such, a timely suit against one of them would interrupt prescription which had run in favor of the other before the latter was impleaded.

For these reasons we think the judgment of the Court of Appeal is correct. It is there-

fore decreed that the writ herein be and it is hereby discharged.

OVERTON, J., concurs in the decree.
ROGERS, J., dissents.

### On Rehearing.

O'NIELL, C. J. This is a suit to annul a tax sale of two lots in New Orleans. The plaintiffs are the widow and heirs of the late George L. Winsor, who owned the lots at the time of his death, on the 6th of March, 1919. The lots were sold to the defendant R. M. Taylor for delinquent state taxes of that year on the 7th of August, 1920. The deed to Taylor was made and recorded on the 22d of October, 1920. This suit was filed, against Taylor only, on the 18th of October, 1923, and the citation and a copy of the petition were served upon him on the next day; which was well within three years from the date of registry of the tax deed. On the 26th of October, 1923, which was four days after the expiration of the three years from the date of registry of the tax deed, Taylor filed an exception, in which he pleaded that he had no interest in the suit, and called attention to the fact that he had sold the two lots to the Third District Land Company, by notarial act signed and recorded on the 24th of March, 1922. Thereafter the plaintiffs filed a supplemental petition, making the Third District Land Company party defendant. The land company answered, putting at issue the allegations of the plaintiffs' petition, and pleading that the action was barred by the prescription of three years, according to section 11 of article 10 of the Constitution, which was article 233 of the Constitution of 1898 and 1913. Taylor also filed an answer, adopting the plea and defense of the Third District Land Company. The plea of prescription was not considered separately but together with the merits of the case. After trial of the case on its merits, the civil district court gave judgment in favor of the defendants, rejecting the demand of the plaintiffs, and declaring the Third District Land Company to be in perfect ownership of the property. The Court of Appeal for the Parish of Orleans affirmed the judgment, on the ground that the action was barred by the prescription of three years.

Section 11 of article 10 of the Constitution declares that no sale of property for taxes shall be set aside for any cause, except on proof that the taxes for which the property was sold were paid prior to the date of the sale, unless the proceeding to annul is instituted within three years from the date of the recording of the tax deed. The cause of nullity alleged in this case is not that the taxes for which the property was sold were paid before the date of sale; hence the question is whether the action is barred by the prescription of three years.

The cause of nullity contended for is twofold, viz.: First, that the notice of sale, or delinquent tax list, was not published for thirty days before the sale; and, second, that R. M. Taylor was a clerk in the city tax collector's office, at the time of the sale, employed in advertising and collecting back taxes, or delinquent municipal taxes, and that his buying of the property for delinquent taxes—even though the delinquent taxes were not municipal taxes but state taxes—was in violation of a prohibitory law, Act 94 of 1902, p. 149. The statute declares that it shall be unlawful for any sheriff, tax collector, deputy tax collector, or any other officer, state, municipal or parochial, whose duty it is to assess or collect taxes of any nature whatsoever for the state or for a parish or municipality, to buy either directly or indirectly any property sold or offered for sale for taxes, and that any such sale to such an officer shall be null and void. The language of the statute seems broad enough to forbid an officer whose duty is to collect *municipal taxes*, to buy property offered for sale for *state taxes*. A deci-

sion of that question, however, is not necessary in this case, because it was proven, and is not disputed, that the notice of sale, or delinquent tax list, was not published for thirty days before the sale. The first publication appeared on the 8th of July and the sale was made on the 7th of August. As neither of those dates is to be counted in computing the 30 days, only 29 days intervened. Section 53 of the Act 170 of 1898, p. 371, under authority of which this sale was made, requires that the delinquent tax list shall be published "as provided for judicial sales," which, according to article 670 of the Code of Practice and Act 104 of 1878, p. 157, means, for sales of real estate, that thirty days must intervene between the date of the first publication and the day of sale. McDonough v. Gravier's Curator, 9 La. 531; Schenck v. Schenck, 52 La. Ann. 2102, 28 So. 302; Zibilich v. Rouseo, 157 La. 936, 103 So. 269. It is therefore not disputed, but virtually conceded, that the plaintiffs have made out their case and are entitled to a judgment annulling the tax sale, if their action is not barred by the provisions of section 11 of article 10 of the Constitution.

On our former consideration of this case a majority of the members of the court were of the opinion that the institution of the suit against R. M. Taylor alone, within the three years after the registry of his tax deed, did not interrupt the prescription. But we find it difficult to reconcile that opinion with the ruling in Recker v. Dupuy, 161 La. 392, 108 So. 782, that it was the filing or *institution* of the action to annul, and not the service of citation, that interrupted the prescription provided for in section 11 of article 10 of the Constitution. The only difference between that case and this is that in that case the suit was brought against the parties who, according to the public records, owned the property when the suit was instituted; whereas this suit was brought against the purchaser at the tax sale, who, according to the public records, had sold the property when the suit was instituted. But that difference between the two cases is not at all important if we adhere to our ruling that it is the mere institution of the suit within the three years, and not the service of citation, that interrupts prescription. According to that ruling, if the Third District Land Company had been merely named as a defendant, the filing of this suit within the three years would have interrupted the prescription, even though the land company might not have been cited until the three years had passed. If we adhere to the opinion that it was not necessary to cite the land company within the three years in order to interrupt prescription, no substantial reason could be given for maintaining that it was necessary to make the land company a party defendant within the three years in order to interrupt prescription. The suit was instituted within the three years against one who was an appropriate party defendant, if not in fact a necessary party defendant. In the same section of the Constitution, to which we have referred, section 11 of article 10, it is declared that a judgment annulling a tax sale shall have no effect until the price and all taxes and costs paid, with interest thereon at 10 per cent. per annum from the date of payment, are paid to the purchaser at the tax sale; which declaration necessarily implies that the purchaser at the tax sale is to be the defendant—or at least a defendant—in an action to annul a tax sale. In Weber v. Harris et al., Man. Unrep. Cas. 252, it was held, Mr. Justice White being the organ of the court, "In a suit to annul a tax sale, the purchaser at such sale is a necessary party to the suit." In Heirs of Burney v. Ludeling, 41 La. Ann. 627, 6 So. 248, it was said, "All of the parties to a sale are necessary parties to a suit to annul it." That case was cited with approval in Willis v. Wasey, 42 La. Ann. 879, 8 So.

591, 879, in Dauterive v. Opera House Association, 46 La. Ann. 1323, 16 So. 170, and in the very recent case of Todd v. Chanove, 165 La. 453, 115 So. 653.

It is said in the brief filed on behalf of the defendants that this is a petitory action, which, according to article 43 of the Code of Practice, and the Act 38 of 1908, should have been brought against the party in possession, or the one who, according to the public records, claimed ownership of the property, and that a petitory action brought against one who, according to the public records, had disposed of the property when the suit was filed, cannot be maintained. But the fact is that this is not a petitory action, but a direct action of nullity. The institution of an ordinary petitory action against one who holds under a tax title does not interrupt the prescription of three years, even by the service of citation. In Prater v. Craighead, 118 La. 627, 43 So. 258, the plaintiffs brought a petitory action within the three years after the registry of the tax deed under which the defendant claimed title, but did not directly or specifically attack the tax deed except by way of objection to its admissibility when it was offered in evidence, which was after the three years had expired; and, maintaining that the prescription was not interrupted, the court said:

"Plaintiffs maintain that the legal proceedings which have been resorted to by them in this case have had the effect of preventing the running of the prescription invoked. They insist that the petitory action which they instituted against the defendant was, of necessity, an attack upon the tax title of the 14th of May, 1902, as that was the title which he set up in his answer and upon which he relied. They also maintain that the sequestration of the property and the taking possession of the same by the court had likewise barred the running of prescription.

"We do not think the mere institution of an ordinary petitory action would have the effect of preventing the running of prescription from the date of the citation therein, unless in plaintiff's petition the tax sale should have been directly referred to and attacked. The inferential attack on any title, under which defendants might hold the property resulting from plaintiff's assertion of her own, is not, in our opinion, sufficient. The first attack in this case on the tax title was that made on the trial of the case on December —, when plaintiffs objected to the admission by the defendant of evidence to establish it. Prescription had then accrued in favor of the tax purchaser."

That decision is appropriate here only in that it maintains that the provisions of section 11 of article 10 of the Constitution are to be construed literally, and, accordingly, that the only proceeding that can interrupt the prescription is "the proceeding to annul," instituted within the three years.

The decision rendered in Recker v. Dupuy was not intended to be a reversal of, or departure from, the general rule, which is well established in the jurisprudence of this state, that the ordinary prescription, by which debts are released, or by which titles are acquired, is not interrupted by the filing of a suit unless and until citation is served upon the defendant. The ruling in Recker v. Dupuy was intended to apply, and does apply, only to the so-called prescription by which tax titles are quieted; which, in fact, has been more appropriately referred to as a statute of repose, or peremption, rather than prescription. That distinction was observed in Prater v. Craighead, supra, viz:

"The running of prescription in favor of the tax purchaser was not, in the opinion of the court, influenced by the fact that the property was taken out of the possession of the defendant and placed in custodia legis under the writ of sequestration. The rights accruing to a tax purchaser at a tax sale through the provisions of article 233 of the Constitution of 1898 are not operated through a prescription then created acquirendi causa. Questions of prescription through possession, which arise under that character of prescription, have no bearing in this case."

The present suit was not only *instituted* within the three years—against the one whom the Constitution very plainly indi-

cates such a suit should be instituted against within the three years—but the citation was actually served upon him within the three years. It is true he had transferred the property within the three years; but the transferee took the title with knowledge that it was a tax title, and that, if it was invalid for any reason, it was subject to an action of nullity that might be brought at any time within the three years against the one who had bought the property at the tax sale. We do not mean that, if the purchaser from the original holder of the tax title had never been made a party defendant, the purchaser could have been evicted by a judgment rendered against the original holder of the tax title, annulling the tax sale, without some appropriate proceeding against the subsequent purchaser. All that need be said here is that the purchaser of the property from the original holder of the tax title cannot escape from the interruption of the so-called prescription of three years, merely because such purchaser was not brought into the suit as a party defendant within the three years from the date of registry of the illegal tax sale. The prescription was interrupted by the action of nullity brought against the purchaser at the tax sale, within three years from the date of registry of his tax deed.

There is no exact precedent for this case, but there are analogous cases. Maurin v. Martinez, 5 Mart. (O. S.) 432, for example, was an action to annul a sale of a slave on the ground that the slave had asthma. The suit was subject to the prescription of six months from the time of the discovery of the disease. The plaintiff had bought the slave at an auction sale made by the parish judge, acting as auctioneer, at the request of the widow and heirs of the deceased, Martinez, for the purpose of effecting a partition. The widow and heirs had been sent into possession of the estate of Martinez nine years before. Notwithstanding the succession had been closed, the plaintiff brought his suit against the widow in her capacity as administratrix. The suit was brought within the six months after the discovery of the disease; but, after the six months had passed, the widow pleaded that the heirs of Martinez, who were co-owners of the slave at the time of the sale, were necessary parties to an action to annul the sale; whereupon the plaintiff amended her petition by making the heirs parties to the suit. They pleaded the prescription of six months. The district court gave judgment in favor of the defendants, rejecting the plaintiff's demand, on the ground that the widow was not sued in the proper capacity, and that the prescription of six months was not interrupted as to the heirs. This court, through Justice Martin, reversed the judgment, saying:

"The widow was first brought into court by a petition, bearing date of the 6th of December, 1816, within about four months after the discovery of the slave's disease. It is true she is called administratrix of the estate of the deceased; but this was a mere descriptio personæ, she was sued in her own right, for a cause of action which never existed against the deceased, and on which she could be liable de bonis propriis at once. The other defendants being parties with her to the contract on which the action is brought, were properly made parties to the suit, and as the inception of it interrupted the prescription as to the widow, it does also as to them."

The purport of that decision, as to the heirs, who were not made parties to the suit until the term of prescription had lapsed, is simply this: That, in an action to annul a sale, where all persons who were parties to the sale are necessary parties to the suit, if the action is brought in time to interrupt prescription as to one of them, it interrupts the prescription as to those who were afterwards made defendants, because such an action could not be maintained against any one of the defendants without being maintained against all of them; that is to say, the sale could not be annulled as to one of

the sellers without being annulled as to all of them. It is said in the brief of the defendants in this case that the decision in Maurin v. Martinez may have been sound when rendered but would be wrong now, because of the subsequent ruling in Buard v. Lemee, 12 Rob. 243. In the latter case the court merely called attention to the error in the translation of article 3517 of the Civil Code of 1825, from the French into English, and held, in an action to recover a debt, that a citation served upon one of several joint debtors, or his acknowledgment of the debt, did not interrupt prescription as to the others. In the translation, the words "one of the solidary debtors," débiteurs solidaires, were converted into "one joint debtor," in the English text. The court had already observed the error, in Davis v. Houren, 6 Rob. 255, and held that the French text should prevail. Those decisions, however, were rendered in ordinary actions to recover a debt, and are not at all inconsistent with the decision rendered in Maurin v. Martinez, which was an action to annul a sale.

Lanis v. Illinois Central Railroad Co., 140 La. 1, 72 So. 788, is authority for the corollary, or converse of the proposition applicable to this case. In that case, the plaintiff, in her individual capacity, brought suit under the Federal Employers' Liability Act (Act of April 22, 1908, c. 149, 35 Stat. 65; U. S. Comp. St. §§ 8657–8665 [45 USCA §§ 51–59]), for compensation for the death of her husband. The statute gives such a right of action only to the personal representative of the deceased employee; and the sixth section declares that no action shall be maintained under the statute unless it is commenced within two years from the day the cause of action accrued. The suit of the widow individually was commenced within the two years, but was met with an exception of no right of action, which was sustained; but, under authority of the decision in Missouri, Kansas & Texas Railroad Co. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, the plaintiff was allowed to qualify as administratrix of the succession of her husband, and to amend her petition by appearing as personal representative of the deceased. She qualified as administratrix and filed the amended petition, appearing for the first time as personal representative of the deceased, after the two years had elapsed. The defendant pleaded the prescription of two years, but the court overruled the plea, maintaining, under authority of M., K. & T. R. Co. v. Wulf, that the bringing of the suit by the widow in her individual capacity prevented the application of the statute of limitations, because the amending of the petition so as to bring the suit in the name of the administratrix and personal representative of the deceased was not the bringing of a new suit. And so we maintain in this case that the amending of the plaintiff's petition so as to make the Third District Land Company a party defendant was not the bringing of a new suit.

The judgment of the civil district court and of the Court of Appeal is annulled, and it is now ordered, adjudged and decreed that the tax sale to R. M. Taylor, dated the 22d of October, 1920, recorded that day in Conveyance Book 325, folio 474, in the conveyance office of the parish of Orleans, be and the same is annulled, and that the plaintiffs, widow and heirs of George L. Winsor, are the owners of the two lots, No. 134 and No. 135, in the square bounded by St. Thomas, Chippewa, Soraparu and Plilip streets, and having a front of 63 feet and 10 inches on St. Thomas street by the depth of 120 feet, as set forth in plaintiffs' petition, and that the defendants pay all costs of this suit. The right is reserved to the defendants to apply for a rehearing.