142 So. 785

**REGINA LUMBER CO., Inc., v. PERKINS.**

No. 30814.

May 23, 1932.

Martin, Woods & Woods, of Lutcher, for appellant.

Thomas E. Furlow, of New Orleans, for appellee.

ODOM, J.

Plaintiff alleges that it is the owner of certain lands in the parish of St. John the Baptist, which it acquired at tax sale on November 26, 1927; said lands having been sold as the property of the defendant, Robert J. Perkins, for the unpaid taxes due by him for the year 1926. It alleges that its deed to the property was duly registered in the conveyance office of said parish, that more than one year has elapsed since the registry of the deed, and that it desires to have its title to the land confirmed and quieted in accordance with the provisions of section 11, art. 10, of the Constitution 1921, and Act No. 101 of 1898. It prayed that the defendant be cited and notified that the title to said property would be confirmed and quieted, unless a proceeding to annul the sale was instituted within six months from the date of notice and service of petition.

The defendant, instead of filing an independent suit to set aside the sale within six months after being cited, as he might have done under the above act, answered the suit, setting up various invalidities and nullities in the proceedings leading up to the tax sale, among them being that no delinquent notice was served upon him prior to the sale and that the property was not advertised according to law. Coupled with his answer he set

up a reconventional demand with a prayer that the tax sale be annulled.

There was judgment in the trial court dismissing plaintiff's suit and in favor of "Robert J. Perkins, plaintiff in reconvention * * against the Regina Lumber Company, Incorporated, defendant in reconvention, upon his compliance with the requisites of the law, annulling the pretended tax sale which was placed of record on Dec. 17, 1927." The plaintiff, defendant in reconvention, appealed.

▮ 1. Plaintiff, in bringing its suit, followed the letter of Act No. 101 of 1898, p. 127, which is an act to provide the manner of giving notice and the form of proceeding to quiet tax titles in accordance with article 233 of the Constitution of 1898 (section 11, art. 10, of the Constitution of 1921).

In doing so, it did not put at issue the validity of its tax title. It merely invited an attack upon it, and it was held in Fellman v. Kay et al., 147 La. 953, 86 So. 406, that such attack might be made either by separate, independent suit to annul or by reconventional demand, in which the defendant could set up all such invalidities or nullities in the proceedings leading up to the sale as might have been urged in a direct action. The defendant in this case pursued the latter course, and has put at issue the validity of plaintiff's title.

▮ 2. On the trial of the case, plaintiff introduced and filed its deed in evidence and rested. The deed is regular in form, and recites that all the formalities prescribed by law for making valid tax sales were complied with. It especially recites that notice of delinquency was given the tax debtor by registered mail, and that the necessary publications and advertisements were made in the official journal of the parish.

Section 11, art. 10, of the Constitution of 1921, provides that:

"All deeds of sale made, or that may be made, by the collectors of taxes, shall be received by courts in evidence as prima facie valid sales."

A purchaser of property at tax sale under a deed reciting that all the formalities and requirements for making tax sales were complied with prior to making the sale may rely upon such deed as proof of valid title in himself. This is upon the presumption that the officer making the sale did his duty. But this presumption is subject to rebuttal. The recitals in a tax deed may be contradicted. There are innumerable decisions to this effect. Jones v. Curran, 156 La. 1055, 101 So. 415, and authorities there cited.

▮ 3. The defendant, the tax debtor, attacked the regularity of the proceedings in this case. One of the irregularities set up was that the property was not advertised as the law prescribes. This tax sale was made under the provisions of Act No. 170 of 1898, pp. 346, 371. Section 53 of that act requires that the tax collector "shall proceed to advertise for sale the consolidated delinquent tax list under one form, as provided for judicial sales, all the immovable property on which the taxes are due."

Article 670 of the Code of Practice requires that judicial sales of real estate shall be advertised for thirty days. That means that thirty days must intervene between the date of the first publication and the date of sale, and the advertisement must appear once a week during that time. Act 104 of 1878, p.

157; Winsor v. Taylor, 167 La. 169, 118 So. 876.

We understand that counsel concedes that, if this formality was not complied with, the tax sale is null. But it is argued that this sale was advertised for more than thirty days, and that the publication appeared in five consecutive issues of the official journal.

The record fails to establish that fact. The sale was made on November 26, 1928. The deed recites that the advertisement appeared in six weekly issues of the official journal; the dates given being October 22d and 29th and November 5th, 12th, 19th, and 26th. Copies of the paper dated November 5th, 12th, and 26th, showing the advertisements, were offered in evidence and are in the record. Other copies could not be produced, although diligent search for them was made.

An effort was made to prove that the paper was published on the other required dates, to wit, on October 22d and 29th and November 19th. But this effort failed.

The testimony shows that this paper is not published regularly. This is admitted by its publisher and attested by the deputy sheriff who made the sale. The publisher says, however, that he always published it regularly while running judicial advertisements. He admits, however, that he has no independent recollection of publishing it during the whole of the time required in this case. He was during this period spending the greater portion of his time in the city of New Orleans. This is shown by his own testimony and that of others. The deputy sheriff who made the sale testified that he would not have made the sale if the property had not been properly advertised. But he had no independent recollection of seeing all the papers, and could not say positively that the advertisement was properly made. His reason for believing that the advertisement was properly made was that it was his custom to see that property was properly advertised before making any sale.

Such testimony as that given by the publisher of the paper and the deputy sheriff falls far short of proof such as is necessary in cases of this kind.

The trial judge held, and his holding is amply supported by the record, that the property was not advertised according to law. This irregularity is fatal. It is not necessary to notice the other irregularities complained of.

The judgment appealed from orders the tax deed canceled upon defendant's compliance with the law, which means that he must refund to the tax purchaser all taxes paid on the property, including those for which the property was sold, plus 10 per cent. per annum and all costs. Until such payment is made, he is not entitled to possession of the property. Article 10, § 11, Constitution of 1921; Recker v. Dupuy, 161 La. 392, 108 So. 782.

Judgment affirmed.