This is an appeal from a judgment of the district court which sustained an exception of no cause or right of action and dismissed the suit of the plaintiffs at their costs. The suit is one for damages against a doctor and grows out of an accident which occurred while he was attending a minor child of the plaintiffs for some gland trouble on the left side of her neck.
The petition is styled that of Raymond Bernard and Mrs. Alzire A. Galiano, wife of the said Raymond Bernard, who allege themselves to be the lawful father and mother of the minor child, Lanny Bernard, and who, they further allege, suffered severe burns on the left side of her head through the negligence of a nurse employed by the defendant in whose care he had left her. The petition sets out in detail the facts under which the plaintiffs claim that the child was injured, after which they specifically aver "that the negligence and carelessness of the defendant's employee, the nurse aforesaid, were the direct and proximate causes of the injury to (their) child, to which (they) did not contribute by any negligence on their part, nor could (their) child, under the laws of this state, contribute on account of its tender age." They then itemize the damages sought as follows: "(1) Physical injury, pain and suffering, and permanent disfigurement of child, $3500.00. (2) Mental shock and anguish, suffered by petitioners occasioned by suffering of their child, $1500.00." In the prayer of the petition judgment is prayed for "in favor of plaintiffs, Raymond Bernard and his wife, nee Alzire Galiano, in the full sum of $5,000.00 with legal interest from judicial demand until paid."
The petition was filed May 11, 1937, and service made on the defendant the following day. On September 2, 1937, through his attorney, the defendant filed an exception of no cause or right of action and thus the matter rested until September 19, 1940, on which day counsel for plaintiffs withdrew from the case.
On February 7, 1940, the plaintiffs, acting through other counsel who had been engaged, after having obtained the proper order from the court filed a supplemental petition which is styled "the petition of Raymond Bernard, individually and on behalf of his minor child, Lanny Bernard, and Mrs. *Page 319 
Alzire Galiano, wife of the said Raymond Bernard." As such petitioners they reiterated all the allegations of the petition relating to the manner in which their child was injured and then set out the damages claimed as follows: "That Dr. John Andre Gravios is justly and truly indebted unto Raymond Bernard on behalf of his minor child, Lanny Bernard, in the full sum of $5,000.00, and to the said Raymond Bernard individually, and Mrs. Alzire Galiano, wife of Raymond Bernard, in the full sum of $1500.00, all with legal interest from date of judicial demand until paid." Judgment is then prayed for accordingly.
Under reservation of his former exception, defendant filed an exception of no cause or right of action to this supplemental petition and also a motion to have the same stricken from the record. It was from the judgment sustaining this latter exception and motion that this appeal was taken.
The grounds on which the exception and motion, both of which may well be treated as one, are based, is that by the supplemental petition, plaintiffs are attempting to make new parties plaintiff in a pending suit which, it is urged, can only be done by intervention or interpleader or by third opposition as provided by Articles 389 and 395 of the Code of Practice. It is further contended that the supplemental petition would have the effect of engrafting an entirely new suit or cause of action on the original petition still pending, in contravention to Art. 419 of the Code of Practice, which provides that a plaintiff can only amend his original petition with leave of court, provided the amendment does not alter the substance of his demand, by making it different from the one originally brought.
The determination of the issue presented necessarily involves a reading of all the allegations of both the original and supplemental petitions together, and on doing so, it appears that what is being attempted to be recovered principally by the parents in this suit are damages for the benefit of their child for the pain and suffering endured by her by reason of her injury, and the resulting disfigurement, all caused by the alleged negligence of the nurse employed by the doctor who was attending her. The only fault to be found with the original petition is with regard to the capacity in which the plaintiffs presented the demand for such damages. Undoubtedly, the child, being a minor, could not file suit in her own name and it then devolved on either of the plaintiffs, as her parents, to make the demand in either's name, for her use and benefit.
The direct cause of action is expressed in Art. 18 of the original petition from which we have already quoted the allegations which, as it is seen, leave but little doubt that the plaintiffs are suing the defendant for the injuries to their child which were caused directly and proximately by the carelessness and negligence of the defendant's employee and for which they claim he is responsible in damages to her in the sum of $3,500, as further set out in Art. 20, in which such damages are itemized. What damages they believe they may be entitled to recover for themselves are distinctly separated and claimed under another item. Assuming that they have no cause of action for such damages, individually, their allegations and demand with reference to these can be treated as surplusage and should not be held to defeat the right, if any, to recover, for the use and benefit of their child, those damages which she herself may have suffered.
The most unfavorable thing that can be said about the original petition is that the plaintiffs failed to state the capacity in which they sought to recover whatever damages they believed they were entitled to, for the use and benefit of their child. On discovering their mistake they corrected their error by means of a supplemental petition in which the demand was then properly made through the father, and judgment prayed for by him in behalf of the child. The person of the party plaintiff, in so far as such damages were claimed, was not changed, no new party or parties were injected in the suit nor was the substance of the demand made different from the one originally brought contrary to the provisions of Art. 419 of the Code of Practice.
In the case of Lanis v. Illinois Central Railroad Co.,140 La. 1, 72 So. 788, the Supreme Court held that the filing of the supplemental petition by a widow as the administratrix and personal representative of her deceased husband, in a suit for damages arising out of his death, instead of in her individual capacity as originally brought, as to conform to the requirements of the federal statute under which her cause of action was based, was not the bringing of a new suit, and held further that the filing of the suit in her individual name by the original petition had prevented the application of the statute of limitations which had been invoked by the defendant as a bar to her recovery under the supplemental petition. *Page 320 
The ruling was so interpreted by the court in a later decision, on rehearing, in the case of Winsor v. Taylor, 167 La. 169,118 So. 876.
In Maille v. Illinois Central Railroad Co., 121 La. 360, 46 So. 355, 356 a father instituted suit in his own name to recover damages for injuries to his minor child. The demand was for suffering to the child and also for incapacity by reason of the loss of a leg. Whilst it appears that there was an allegation to the effect that the petitioner was entitled to recover the damages claimed for the use and comfort of the child, judgment, like in the original petition in this case, was prayed for in favor of the plaintiff himself.
Singularly enough, without even mentioning that issue had been made of the pleading, the Court stated: "We entertain no doubt as to the action being one brought by the father of the child in that capacity for its use and benefit. Where a plaintiff bringing suit in a representative capacity joins individually as a coplaintiff, it is usual for him to so declare. This was not done in this case. The prayer must be read in connection with the pleadings. The damages set out are declared to be the damages due to the child. None other are mentioned."
It is true that in the present case the parents asked for damages for mental shock and anguish suffered by themselves on account of the suffering of their child, but it is clearly established by the jurisprudence of this State that the demand in that respect cannot be entertained. "Damages for personal injuries to a minor child belong to the child and not to his parent." Hanna v. Otis, 151 La. 851, 92 So. 360, 361; Black v. Carrollton Railroad Co., 10 La.Ann. 33, 63 Am.Dec. 586. The allegations of the petition relating to such damages, as already indicated, will be treated as surplusage and ignored, and the exception and motion as to that part of the demand will be sustained.
For the reasons stated herein, it is now ordered that the judgment appealed from be affirmed to the extent that it sustained the exception of no cause or right of action and the motion to strike out the supplemental petition with regard to the demand for damages as made individually by Raymond Bernard, and Mrs. Alzire Galiano, his wife, and that otherwise the said judgment be and the same is hereby reversed and set aside. It is further ordered that the exception of no cause or right of action and the motion to strike out the supplemental petition in so far as it relates to the demands made by Raymond Bernard for the use and benefit of his minor child, Lanny Bernard, be and the same are hereby over-ruled, and it is further ordered that the case be now remanded to the district court for further proceedings, all according to law. All costs incurred so far are to be paid by the defendant, appellee herein.