This case has been on appeal to this court heretofore from a judgment sustaining an exception of no cause or right of action and a motion to strike out a supplemental petition. In our opinion, we set out the facts alleged by the plaintiffs for a cause of action. We affirmed the judgment appealed from to the extent that it sustained the exception and motion with regard to the demand for damages as made individually by Raymond Bernard and Mrs. Alzire Galiano, his wife, but reversed the judgment with regard to the demand for damages as made by Raymond Bernard for the use and benefit of his minor child, Lanny Bernard, overruling the exception of no cause or right of action and the motion to strike out, and remanded the case to the lower court for further proceedings. 8 So.2d 318.
On remand, the defendant, in answer, denied any negligence and carelessness on the part of himself or of his nurse in the treatment of the minor child, Lanny Bernard. In further answer, he sets out that the burns experienced by the minor child were due solely and entirely to the negligence and carelessness of the mother and an aunt of the child in the improper manipulation or operation of a heating electric pad after having been fully instructed in the use thereof. In the alternative, he urged the doctrine of error of professional judgment on the part of the graduate nurse as a relief from liability.
The result of the trial of the case was a judgment in favor of defendant and against plaintiff rejecting plaintiff's demand at his cost. Plaintiff has appealed.
About the only admitted facts in this case are that defendant operates, in conjunction with his drug store and in the practice of his medical profession, a small clinic at Golden Meadow, in the Parish of Lafourche. He had, at the time of the injury, a registered nurse whose duties were to assist him in his professional calls and in the conduct of his clinic. The clinic and this drug store were on his premises in close proximity of his residence. The child Lanny Bernard was about seven months old and was suffering with hard, swollen glands on the left side of his neck, near and under the left ear. He was taken to defendant's clinic on Sunday morning, at about 10 o'clock, May 17, 1936, for medical attention. In the course of treatment, the child was placed upon an electric heat pad so as to bring the inflamed area, including the ear, in contact therewith. The pad is electrically operated and produces heat which is transmitted through the cushion or pad to that part of the body with which it is in contact, and the child's left ear was burned. Thereafter, the evidence is in hopeless conflict. The case is one of facts. The facts were solved in favor of the defendant by the lower court. Unless we can find manifest error in the lower court's finding, we are to affirm the judgment.
Briefly, the plaintiff's evidence is to the effect that the child was taken to the clinic at about 10 o'clock on Sunday morning, May 17, 1936, accompanied by its mother, a paternal uncle and his wife; the defendant operated upon the child's neck on Sunday morning and then delivered the child in charge of the nurse, Miss Kessler, who took it to a room in the clinic and placed the child upon an electric heat pad in contact with the inflamed neck, including contact with the left car, which was not affected *Page 182 
or involved; the nurse instructed the mother that the child's inflamed neck should be kept in constant contact with the pad; neither defendant nor the nurse instructed the mother and/or her companion as to how to operate the pad; after the placing of the child on the pad and instructing the mother to keep the inflamed part of the neck in contact with the pad, the nurse, aside from visiting the room occasionally to administer medication, left the child to the care and attention of the mother and her companion. In the course of the afternoon, the child became restless and cried a great deal as though in pain. The mother and/or her companion did not do anything to alleviate the suffering of the child, remembering the instruction to keep the child in constant contact with the pad. Finally, late that afternoon or early evening, on account of the child's restlessness and apparent discomfort, the mother or her companion raised the child's head and discovered that its left car had been badly burned. The nurse was summoned, saw the burn, and applied Unguentine to the burns. Plaintiffs' witnesses testified that a Mrs. Louviere, the wife of a patient at the clinic, also saw the burns on that Sunday afternoon or evening. The nurse, after anointing the child's ear with Unguentine, in the presence of Mrs. Louviere, instructed the mother and her companion in the use and operation of the pad and then left for the night.
Briefly, the defendant's evidence is that at the time of its admittance, the child was accompanied by the mother, a maternal aunt and paternal grandfather, and the inflamed parts were hard and firm and not ready to be incised in that the pus had not localized. In order to localize the pus, defendant recommended to the mother and the attendants the use of an electric heat pad which would need careful supervision by a competent person, to which the mother and her companion agreed. Because plaintiff was financially unable to hire a special nurse, it was agreed that the mother and her sister would remain with the child and administer the heat. The defendant instructed the mother and her sister in the operation and manipulation of the pad and its effects on the parts of the body in contact with the pad. Likewise, the nurse, through an interpreter, Mrs. Louviere, instructed the mother and her sister in the use and manipulation of the heating pad. The child did not receive its burns on Sunday, but was burned during Monday night, the nurse perceiving the burns on Tuesday morning when she visited the room in preparation to bathe the child, and to ascertain the condition of the affected parts of the neck. The child was brought to the defendant's office; the burns were medicated and an incision or operation made, the pus having become localized sufficiently to justify an incision.
The cause of action is based on the alleged negligence and carelessness of the nurse, Miss Kessler, it being alleged that the child was left in her charge. In that connection, we have contradictory evidence as to the time the burns occurred, and who was in charge of the child at that time.
After reviewing the evidence, in his written opinion, the trial judge came to the conclusion that the child was burned during Monday night while in charge of the mother and her sister and that these attendants had had full instructions as to the use and manipulation of the heating pad. After a careful review of the record, we must say that we fully agree with his conclusion. The plaintiff has failed to show wherein the nurse, Miss Kessler, was in any wise negligent or careless in the case. In fact, plaintiff in his brief before this court practically concedes that he has failed to show that Miss Kessler was negligent or careless, but contends that the defendant was negligent in prescribing the application of the heating pad on an infant of seven months and entrusting this pad and its application to its mother and aunt, persons not competent to do so.
Without a lengthy review of the evidence relating thereto, the evidence shows that the mother and her companions were fully advised as to how to operate the pad. The pad is described as an ordinary household object, easy of understanding, but requiring constant attention when in contact with the body. It is practically conceded by the plaintiff in his brief that the child received its burns during the Monday night. The mother and aunt were the attendants during the Sunday night and were in charge of the pad during that night without any ill effects on the child. After the child was burned, the pad continued to be used for two or more nights, again in the charge of the mother and *Page 183 
aunt, likewise without any ill effects on the child. If they were competent persons to have this pad in charge on Sunday night, Tuesday night and the following nights, it stands to reason that they were competent on Monday night.
Plaintiff argues that the fact that the child was burned shows that someone was negligent. This is conceded by the defendant, but the fact that the child was burned does not show that it was through his negligence. After a review of the case, we are of the opinion that the child was burned by the negligence of his attendants during Monday night in not properly following the instructions of the defendant in the operation of the pad. The mother and the aunt had assumed the responsibility of applying the heat pad under proper instructions. Their negligence cannot be attributed to defendant.
Judgment affirmed.