The defendant in this case is a negro woman who formerly lived in the city of Chicago. She was the owner of the property involved in this suit which consists of two lots of ground in the South Side Addition to the Town of Oakdale in the Parish of Allen. When the taxes for the year 1933 became due, and were not paid, one of the plaintiffs herein, Phoebe Atkins, paid them and attempted to have herself subrogated to the payment by the tax collector of the Parish, according to the provisions of our State law, Dart's General Statutes, Sec. 8451, Act No. 170 of 1898, § 89, as amended by Act No. 228 of 1932, § 2. A pretended act of subrogation was executed by the tax collector on January 15, 1934. In order to exercise her rights under that alleged subrogation she had the sheriff and tax collector advertise and offer the property at public sale on August 2, 1938, at which she and George Atkins, the other plaintiff in this suit, bid and bought it in *Page 770 
for the amount of the taxes with interest and costs.
The present suit is brought by both of them in order to have the tax deed of August 2, 1938, confirmed and Mary Simpson, as the former owner of the property, is made party defendant to the proceedings.
In answer to the suit Mary Simpson denied the validity of the whole transaction, claiming that the tax sale is based on an illegal subrogation and therefore it is an absolute nullity. She reconvened in her answer and made demand against the plaintiffs, who have been in the actual physical possession of the property since August 2, 1938, for rent, in the sum of $500 and prays for judgment accordingly.
There was judgment below in favor of the defendant annulling the tax sale of August 2, 1938, decreeing her to be the owner of the property and awarding her the sum of $500 against the plaintiffs on her reconventional demand. The plaintiffs have appealed.
The sole question presented in the case, is whether or not the 5 year prescription protecting tax sales, as provided for in Sec. 11 of Art. 10 of the Constitution of 1921, applies in this case. That article provides that "No sale of property for taxes shall be set aside for any cause except on proof of payment of the taxes for which the property was sold prior to the date of the sale, * * * unless the proceeding to annul is instituted within five years from the date of the recordation of the tax [title]. * * *" (Italics ours.) Plaintiffs having waited the full five year period before filing suit, now rest their whole case on that Article of the Constitution and rely on the specific words in the. Article that no sale shall be set aside for any cause except the one provided for therein.
It is firmly established in the jurisprudence of this State that there are other exceptions beyond that mentioned in the Article of the Constitution to the prescription therein provided for. One of these exceptions, as seems to be recognized by counsel for plaintiffs themselves, is where there is a defect which strikes at the very existence of the sale itself. Here we are confronted not only with a defect in the tax sale, as we view it, but with an absolute nullity of the sale itself which was void ab initio.
[1] It does not seem to be disputed by plaintiffs that in order for a valid subrogation for the payment of taxes, to take place, under Sec. 8451 of Dart's Louisiana General Statutes, Vol. 6, p. 131, the one attempting to obtain such a subrogation who does not hold a bond or a note secured by a mortgage or privilege upon the taxed property, must have the written consent of the taxpayer and must file the same with the tax collector. It is not controverted that in this case the alleged subrogee, Phoebe Atkins, did not hold such a bond or note nor did she have the written consent of the taxpayer. There was in effect therefore no subrogation at all and when she paid the taxes on the property she paid them for the benefit of the debtor and any further proceedings which took place under such subrogation were null and void and of no effect whatever.
[2-4] It is elementary that no prescription can operate against a sale that is an absolute nullity. The sale in this case was void ab initio and consequently there was no time or period at which prescription could begin to run. In their brief counsel for plaintiffs refer to several decisions which we find have no application to the present case. They have reference mostly to cases in which the tax deed was valid on its face and the question involved was whether the property sold could be properly identified and did not involve a sale which is shown to have been, as in this case, an absolute nullity. The presumption which arises that a tax deed may be valid on its face and also regular in form, is a rebuttable one. See Regina Lumber Co., Inc., v. Perkins, 175 La. 15, 142 So. 785. In that case there is cited the case of Fellman v. Kay et al.,147 La. 953, 86 So. 406, which holds that an attack on a tax sale can be made by way of reconventional demand in which the nullity of all the proceedings leading up to the sale and which are relied upon, can be set out. The defendant was therefore within her rights in following the procedure which she did in this case and as the record fully justifies and supports her contention, *Page 771 
the district judge was correct in rendering judgment, as he did, in her favor. The amount awarded her for rent is not disputed.
For the reasons stated, the judgment appealed from is affirmed at the costs of the plaintiff's, appellants.